CORPORATION OF NEW YORK *against* DAWSON.

An action for use and occupation is not *local* in its nature, being founded in privity of contract and not in privity of estate.

The *venue* in a cause, in which the corporation of New York was a party, was laid in the city of New York ; and the court refused to change it merely on that account, on the bare allegation that an impartial trial could not be had in the city and county of New York.

THIS was an action of *assumpsit*, for the use and occupation of certain premises at Brooklyn, in King's county. The *venue* was laid in New York, and the defendants moved to change it to Kings. 1. Because, from the declaration, it appeared that the cause of action arose in that county ; and the action, in its nature, is *local*. 2. Because a fair and impartial trial cannot be had in New York.

*Evertson*, for the defendant.

*Harison*, contra.

*Per Curiam.* This action is founded on the privity of *contract*, and is not local in its nature. It was, therefore, not indispensable to lay the *venue* in Kings. Actions founded on the *privity of estate* are local, as in debt by the *as-, signee* or *devisee* of the lessor, against the lessee, or by the lessor against the *assignee* of a lease, or in covenant *by the *grantee* of the reversion, against the [*336] *assignee* of a lease. (1 Wils. 165. 6 Mod. 194. 1 Salk. 80.) In this case, the action is founded on the privity of *contract* only, either expressed or implied. It follows that the *venue* is not necessarily controlled by the circumstance of the premises being situated in King's county.(*a*) It is settled, that in transitory actions the court may, and ought, to change the *venue* for the purpose of an impartial trial. (2 Burr. 1564.) But no special ground is here stated to show that a fair trial cannot be had in New York. The interest supposed to exist in favor of the success of the cor-

(*a*) See 2 Rev. Statutes of New York, 409 ; But see Code of Procedure, 103–105.

poration is too uncertain and remote. It is, in truth, seldom, if ever, felt or known ; and an independent jury may as probably be obtained in this as in any other county. It would be extremely inconvenient to change the *venue*, on this formal objection, in all cases in which the corporation may be concerned ; and we think it ought not to be done, unless there appear substantial reasons to support the objection.

Motion denied.(b)

(b) See *supra*, 116, n. (b) to *Scott* v. *Gibbs;* Graham's Practice, 2d ed. 564.