1817.

Philadelphia.

**Henwood *against* Cheeseman.**

*Saturday,*
December 20.

**In Error.**

With inaccuracies of a Judge, in summing up the evidence, this Court has nothing to do.

If the defendant acknowledge the principal debt but disputes the interest, it takes the debt out of the statute of limitations.

If the defendant occupied land by the consent and permission of the plaintiff, the jury may presume a promise to pay a reasonable rent.

*Assumpsit* lies here for the use and occupation of land in Jersey. This action is founded on privity of contract, not on privity of estate.

An action for rent by the lessor against the lessee, is transitory. So is covenant by the assignee of the reversion, under the statute of 32 *Hen.* 8. c. 34; but debt by an assignee of the reversion, is local.

ERROR to the Court of Common Pleas of *Philadelphia.* county.

*Shoemaker*, for the plaintiff in error.

*Kittera*, contra.

Tilghman C. J.   *Cheeseman*, the plaintiff below, brought an action of *assumpsit* against *Henwood*, for the use and occupation of the plaintiff's land, lying in the state of *New Jersey.* Several exceptions were taken by the defendant to the charge of the Court, and have been assigned as errors, here. The second and fourth exceptions are not to be regarded. They are no more than complaints, that in summing up the evidence, the Court were inaccurate. With mistakes of that kind, if mistakes there were, this Court has nothing to do. In no point of view can they be considered as errors of law ; and these are the only errors of which we. have a right to take cognisance. But three errors in law, have been assigned, of which I shall proceed to take notice.

1. The act of limitations had been pleaded by the defendant. The Judge, in speaking to that point, told the jury, " that although six years had passed, yet the defendant might " by any conduct or language of his, take it out of the act ;" and then went on to explain himself more clearly, by saying, " that if the defendant had acknowledged the *principal* of the " debt, and only disputed the interest, this would take the " case out of the act." I perfectly agree with this opinion. Much slighter acknowledgments have been held sufficient. The charge of the Court was right.

2. The Court charged, that if the defendant occupied the land, by the consent and permission of the plaintiff, the jury might presume a promise to pay a reasonable rent. In this too, the Court were clearly right. The act of assembly of *New Jersey* is the same in substance and very nearly the

same in words, as the *British* statute of 11 *Geo.* II. c. 19, which enacts, " that where the agreement is not by deed, the " landlord may recover a reasonable satisfaction for the tene- " ments occupied by the defendant, in an action on the case " for use and occupation; and if in evidence on the trial, any " parol demise, or any agreement not by deed, appears, " wherein a *certain rent* has been reserved, the plaintiff " may make use thereof as an evidence of the *quantum* of " the damages." It is contended by the defendant's counsel, that there can be no recovery under this statute, without proof of an express contract. But this construction is wrong. One object of the statute was, to enable the plaintiff to recover, when he had no positive proof of a contract; but at the same time a recovery was given, where there was positive proof of an agreement to pay a specified sum, without deed. The form of action, was a *quantum valebat;* and in such form, if the plaintiff had proved an agreement to pay a *certain sum,* he would have been nonsuited, because the evidence would not support the declaration. It was necessary, therefore, to declare expressly, by the statute, that although there should be proof of an agreement to pay a certain sum, the plaintiff should not be nonsuited, but might recover according to the agreement. In this action, the plaintiff must prove a contract, or he fails; but this proof may either be direct or presumptive. If he prove, that the defendant occupied the land by his permission, it is enough; it will be implied, that the defendant promised to pay a reasonable rent. But if the defendant came on, as a trespasser, the plaintiff cannot recover in an action for the use and occupation. The law will be found accurately laid down in *Esp. Ni. Pri.* 20. The case of *Smith* v. *Stewart,* 6 *Johns.* 46. cited for the defendant, will not serve him. In that case, the defendant came on, not as a tenant, but under an agreement to purchase the land. Possession was delivered in pursuance of the agreement; but a dispute afterwards having taken place, and the purchase not being completed, the vendor brought an action of *assumpsit* for the use and occupation. He could not recover, because the presumption arising from the possession was rebutted by positive proof, that he did not hold the land as a tenant.

3. The last exception is, to the jurisdiction of the Court of Common Pleas. The land is in *New Jersey,* and therefore, the defendant supposes, an action for the rent, can be main-

**1817.**

HENWOOD
v.
CHEESEMAN.

tained no where out of *New Jersey*. Were this action, in its nature local, the law would be with the defendant. But the action is transitory, and therefore not confined to *New Jersey*. The action of *assumpsit* is founded on privity of *contract*, not privity of *estate*. This was decided in the case of *The Corporation of New York* v. *Dawson*, 2 *Johns. Cas.* 335. With regard to actions for the recovery of rent, I take the law to stand thus :—Where the action is brought by the lessor against the lessee, being founded on the mere privity of *contract*, it is *transitory*, and may be brought ought of the county, or state, in which the land lies. But if the lessor assigns the reversion, and the action is brought by the assignee of the reversion, against the lessee, there is a distinction, founded on the form of the action which may be brought. The assignee may, in such case, maintain an action of *debt at common law*, which being founded solely on privity of *estate*, (for the privity of contract is destroyed by the assignment of the reversion,) is *local*. Or, he may have an action of *covenant* by virtue of the statute 32 *Hen.* 8. c. 34, which transfers the privity of contract from the assignor to the assignee ; and this action, not being founded on privity of estate, but of contract, is transitory, and may be brought any where. This distinction is taken, in the case of *Thursby* v. *Plant*, 1 *Saund.* 237, which is cited by the Court in *Thrale* v. *Cornwall*, 1 *Wils.* 165, with this remark, " *that it had always been held for* " *good law.*" We may take the rule then to be, that where the action is founded on privity of *estate*, it is *local*, where on privity of *contract*, it is *transitory*. I have laid down this rule, when the action is brought by the lessor, or the assignee of the reversion, against the lessee. It is unnecessary to speak now of actions brought against the assignee of the lessee. In 1 *Chitty on Pleadings*, 274, 275, the cases on this subject are collected, and the result briefly and truly given.

I am of opinion, on the whole, that the present action was well brought, and well supported by the evidence. The judgment should, therefore, be affirmed.

GIBSON J. was absent.

DUNCAN J. This is an action of *assumpsit* for the use and occupation of a farm of the plaintiff, situated in *New Jer-*

sey, occupied by the defendant by the permission and consent of the plaintiff.

The pleas were *non assumpsit, non assumpsit infra sex annos,* and payment, to which there were replications; and a plea to the jurisdiction of the Court, on the ground that the action was local, the land occupied being in another state. The action of *assumpsit* on *quantum meruit* for the use and occupation of lands, lies at common law. For in *Mason* v. *Beldham*, 3 *Mod.* 73, the declaration sets forth, that in consideration the plaintiff would suffer the defendant to enjoy a house, and three water mills, he proposed to pay so much yearly as they were reasonably worth, and avers that they were worth so much. On demurrer it was determined, that this action well lay, and it is said there can be no good reason given why a man may not have this action for the rent of his land as well as for his house or chamber.

It is admitted, that the act of *New Jersey* has the same provisions as the statute of 11 *Geo.* 2. c. 19. s. 14, which provides, that where the demise is not by deed, the landlord may bring the action for the *use and occupation,* and if, in evidence on the trial, any parol demise or any agreement not being by deed, wherein a certain rent was reserved, shall appear, the plaintiff thereupon shall not be non-suited, but may make use thereof as evidence of the *quantum* of damages to be recovered. Thus, both by the common law and statute law, *quantum meruit* for the use and occupation appears to be the specific remedy. *Assumpsit* for the use and occupation will lie, when the defendant enjoys by permission of, or demise from, the plaintiff. 1 *Esp.* 20.

The case was fairly left by the Court to the jury, to infer a contract, from the presumption arising from the occupation by the defendant; and from the defendant's offer to pay the sum demised, without interest.

*Assumpsit* cannot be considered as a local action. It is founded on the contract express or implied, between the parties. No possible case could ever arise, in which the action would be local. But all actions of debt or covenant, between the lessor and lessee, the action being founded on privity of contract, are transitory, whether the lands be abroad, or in the county in which the action is brought. 1 *Chitt. Plead.* 274. The rule, as I apprehend it, is; where the action is founded on privity of estate, it is local; where on

1817.

HENWOOD
v.
CHEESEMAN.

privity of contract, transitory. Debt for rent by the assignee, is local. But covenant being founded on privity of contract, is transitory. At common law, covenant did not lie for the assignee of the reversion, but is given by stat. 32 *Hen.* 8. c. 34. *Thrale* v. *Cornwall*, 1 *Wils.* 165, and so is the distinction, 1 *Saund.* 237. It can be no objection to the action, that it concerns the realty, and, therefore, only can be tried in the county in which the land lies. This is not the law of contracts. For where you proceed against the party for damages, for the non-performance of such contract, you may bring the action wherever the party is to be found. It follows the person, and in *Penn* v. *Baltimore*, a specific execution of articles respecting lands lying in *America*, was decreed by the Court of Chancery in *England*. For where the title is incidental, the Court possessing jurisdiction of the contract, which is in its nature transitory, may even inquire into the very title, let the lands lie where they may. Besides, in this case, the defendant would not be allowed to question the plaintiff's title to the land.

The question on the statute of limitations, was *properly* left to the jury. The defendant, by his language and conduct, may take the case out of the limitation. Acknowledgments more equivocal than were made in this case, have been so submitted. He offered to pay the principal, before the magistrate. The chief difference respected the interest. An erroneous statement of facts, is not the subject of reversion in this Court. The party's only remedy, is by application to the Court below for a new trial. But, I confess, I have looked in vain for any thing in the charge of the Court, to support this objection. The fact of the occupation; and consent of the plaintiff to such occupation ; the acknowledgment of the principal debt; the non-age of the defendant ; were all facts submitted to the jury for their decision.

There is no error in the opinion of the Court, and judgment must be affirmed.

Judgment affirmed.