## ACKERMAN VS. LYMAN.

*Statutory action for use and occupation, lies upon implied agreement— When such agreement may be implied.*

1.  The statutory action for use and occupation in this state (sec. 17, ch. 91, R. S.) may be maintained upon an *implied* agreement; and such agreement may be implied from defendant's entering into possession by plaintiff's permission, or from acts showing his consent, after a tortious entry, to hold under plaintiff; but one who has made a tortious entry cannot be rendered liable as a tenant for the time during which he remained in possession, by merely showing that the plaintiff assented to such continued possession.

2.  Where one who has entered upon land without claim of title, afterward takes an assignment of a mortgage of the land, past due, the value of his *subsequent* use and occupation should be applied to reduce the mortgage debt; but if that debt has been otherwise paid, he is liable for such value in an action by the owner.

APPEAL from the Circuit Court for *Fond du Lac* County.

Action for the value of the use and occupation of premises alleged to have been the property of one Holdridge, and afterterwards of the plaintiff, and to have been occupied by the defendant " according to the permission" of said Holdridge and subsequently of the plaintiff, from October 1st, 1859, to February 1st, 1863. The plaintiff had taken an assignment of Holdridge's claim for that portion of the time during which the latter owned the premises. The answer, among other things, denies that the defendant occupied the premises "according to the plaintiff's permission," and alleges that he went into possession December 20, 1860, as assignee of an unpaid mortgage on the land, and held and occupied under the mortgage until February, 1863, when plaintiff paid him the amount due on the mortgage, and he delivered up the possession to the plaintiff.

A verdict and judgment were rendered for the plaintiff ; and the defendant appealed. The errors relied upon will sufficiently appear in the opinion.

*Priest & Stow*, for appellant, cited 1 Term, 378, 387 ; Chitty on Con., 107 ; 13 Johns., 489 ; 3 S. & R., 590 ; 6 N. H., 298 ; 6 Ohio, 371 ; 4 id., 213 ; 14 Mass., 95 ; 17 id., 299 ; 33 Vt., 88 ; 3 Coms., 589 ; 3 Denio, 452 ; 1 Hill, 154 ; 15 Barb., 32 ; 3 id., 83 ; 3 Wend., 219 ; Taylor's L. & T., §§ 19–21 ; 2 Parsons on Con., 27, 28.

*John Ware*, for respondent, contended that the proof showed that the defendant took possession under Johnson, who was a tenant of Holdridge, which was *prima facie* evidence of an assignment of Johnson's lease to him. *Cross v. Upson*, 17 Wis., 618, and cases there cited. 2. A tenant cannot set up an adverse outsanding title purchased by him, against the landlord's claim for rent. *Jackson v. Hinman*, 10 Johns., 292 ; *Tondro v. Cushman*, 5 Wis., 279 ; *Nellis v. Lathrop*, 22 Wend., 121 ; 2 Coms., 245 ; *Jackson v. Rowland*, 6 Wend., 666. Tenant's right to attorn to a mortgagee, gives him no right to buy an outstanding mortgage, and then claim under it. *Jones v. Clark*,

20 Johns., 51.  3.  The mortgagor is entitled to the possession of the premises until foreclosure.  R. S., ch. 141, sec. 28.  4. The action for use and occupation may be maintained on an implied undertaking, where the permissive holding is established (*Stockett v. Watkins*, 2 Gill & J., 326); or it may arise from *waiver of tort*, or from simply letting into possession. *Newport v. Saunders*, 3 B. and Ad., 411; Chitty on Con., 371–3.

DOWNER, J.  The appellant claims that the circuit court erred in instructing the jury, that if they found that the defendant went into possession of the premises, knowing that they belonged to Holdridge, and setting up no right to them in himself, or in any other person under whom he claimed, adverse to the rights of Holdridge, and remained in possession thereof with the assent of Holdridge or his duly authorized agent, and without setting up any claim adverse to the right of Holdridge to the premises, then the law would imply a promise on the part of the defendant to pay to Holdridge or his assigns, whatever the use and occupation was reasonably worth for the time he so held.

It is maintained that there is no evidence to warrant the instruction, and that if there was it is erroneous.  It is not very clear from the evidence whether the defendant entered as a trespasser without color of title, or under Johnson, a tenant of Holdridge, and continued in possession by his permission.  We are inclined to the opinion that there was evidence from which the jury might have found that Holdridge permitted the defendant to occupy the premises, and that he remained in possession under that permission until the mortgage was assigned to him.  But the instruction is to the effect that if he entered as a trespasser without claim of title, and remained in possession with the assent of Holdridge, the law will imply a promise to pay rent.  If this be so, then all that is necessary to convert a trespasser into a tenant is, for the owner of the premises to say to him, "I assent to your possession," and the trespasser be-

comes a tenant without his own consent, or even against his will. A tort cannot thus be converted into a contract. At common law, no action of *assumpsit* for rent would lie, except upon an express promise made at the time of the demise. *Johnson v. May*, 3 Lev., 150; *Smith v. Stewart*, 6 Johns., 46. The action for use and occupation in this state rests on section 17, ch. 91, R. S., which is in substance the same as sec. 14, ch. 19, 11 Geo. II. That section required that there should be an agreement; but it is well settled that the agreement may be express or implied. It may be implied from the defendant's entering into possession by the permission of the plaintiff, or from acts showing the assent of the defendant, after a tortious entry, to hold under the permission of the plaintiff. *Henwood v. Cheesman*, 3 Serg. & Rawle, 500; *Ryan v. Marsh*, 2 Nott & McCord, 156; *Stockett v. Watkins' Adm'rs*, 2 Gill & Johns., 326; *Wiggin v. Wiggin*, 6 N. H., 298.

In *Henwood v. Cheesman* the court below charged that if the defendant occupied the land by the consent and permission of the plaintiff, the jury might presume a promise to pay a reasonable rent; and this instruction was held correct. But it is evident from the whole case (the testimony in which is not fully reported), that the defendant either entered into possession by the permission of the plaintiff, or it was a conceded fact that after he was in possession he held under his permission; for the court, in its opinion, say that "if the defendant came on as a trespasser, the plaintiff cannot recover in an action for use and occupation." And to the same effect are *Stockett v. Watkins' Adm'rs*, and *Ryan v. Marsh*, and other authorities there cited.

In this case the plaintiff alleges in his complaint that Holdridge permitted the defendant to have, hold and occupy the premises, and "*that the defendant, according to that permission, held and occupied*," &c. The defendant, in his answer, denies the permission of Holdridge, and denies that he according to the permission held, occupied and enjoyed the premises. It

appears to us the instruction ignored a material part of the issue, to wit, that formed by the denial of the defendant that he held possession according to the permission of the plaintiff, and was therefore erroneous. A trespasser cannot be converted into a tenant without his consent.

We see no error to the injury of the appellant in the other instructions. From the time of the assignment of the mortgage to the defendant, and his occupation of the premises as mortgagee, the rents should have been applied to reduce the mortgage debt; but if that debt has been fully paid without applying the rents, no good reason is shown either by the pleadings or evidence why the plaintiff should not recover what the use of the premises during such occupancy was reasonably worth. It may be that before the code recovery could be had in such cases only in equity.

*By the Court.*—The judgment of the circuit court is reversed, and a *venire de novo* awarded.