ROBERT BROWN, as Trustee in Bankruptcy of the Estates of CHARLES J. KNAPP and Others, Individually and as Copartners Constituting the Firm of KNAPP BROTHERS, Plaintiff, *v.* THE DEPOSIT NATIONAL BANK and Others, Defendants.

Supreme Court, Broome County, June 22, 1925.

Banks and banking — action by trustee in bankruptcy of partnership, stockholder of national bank, against bank, directors, liquidating committee, and stockholders thereof for accounting — plaintiff claimed that bankrupts were entitled to dividends on liquidation of bank — directors of bank determined that alleged claim against bankrupts offset amount of dividends due them as stockholders — bank has no creditors — action may be maintained though not brought in representative form — complaint states action in equity — accounting directed.

The plaintiff, as trustee in bankruptcy of members of a partnership, stockholders of a national bank, may maintain this action against the bank, its directors, liquidating committee, and stockholders, for an accounting of the proceedings of the directors and liquidating committee in liquidating the affairs of the bank, since it appears that the plaintiff claims that the bankrupts who were

stockholders of the bank had the right to share in any assets of the bank remaining after all creditors had been paid; that the directors and liquidating committee determined that any share which the bankrupts might have had in the assets of the bank was offset by an alleged claim of the bank against the bankrupts; that the bank has no creditors, and that a complete determination of all the questions may be determined in this action, and to require the bringing of a representative action would serve no useful purpose.

Apparently all of the stockholders of the bank have been made parties to this action, but if it should appear in the future that there are other stockholders who are not parties to the action, they may be brought in, in order to procure a complete determination.

The complaint does not attempt to unite a cause of action at-law with one in equity, but the allegations thereof reveal that the sole and primary purpose of the plaintiff is to secure an accounting, and since the facts alleged show that the plaintiff is entitled to an accounting, which is the only appropriate and adequate remedy, an accounting is directed.

ACTION for an accounting.

*E. D. Cumming* [*Archibald Howard* of counsel], for the plaintiff.

*H. William Smith,* for the defendants The Deposit National Bank and others.

*A. E. Connor,* for the defendants Charles M. MacGibbon as administrator, etc., of Mary M. MacGibbon, deceased, and another.

RHODES, J.:

Plaintiff brings this action in equity for an accounting. The defendant the Deposit National Bank was engaged in business at Deposit, N. Y., and Knapp Brothers, a copartnership of Deposit, N. Y., held shares of stock in said bank. While the number of shares owned by said copartnership and the individual members thereof is disputed, it appears that the copartnership held, or controlled for voting purposes, at least 592 shares. Knapp Brothers and the individual members thereof were adjudicated bankrupt on or about the 12th day of April, 1909.

By the National Bank Act (U. S. R. S. § 5220; U. S. Comp. Stat. § 9806; Barnes Federal Code, § 9257) it is provided as to national banks that " any association may go into liquidation and be closed by the vote of its shareholders owning two-thirds of its stock." A meeting of the stockholders of said bank was held about January 1, 1903, and a resolution was adopted pursuant to said National Bank Act providing for the voluntary liquidation of the bank's affairs. Thereafter and on December 12, 1910, a stockholders' meeting was held at which the defendants Anna M. Preston, Virginia M. Sturdevant, Mary M. MacGibbon, Mabel N. Sturdevant and Lucye Pinchot Lederer were elected directors, constituting the entire board of directors, and said directors were appointed as a new liquidating committee, in place

of such a committee formerly appointed. The Federal statute makes no provision for a liquidating committee, although it seems to be the common practice in the voluntary dissolution of a solvent national bank to appoint such a committee to liquidate its affairs. The appointment of such a liquidating committee did not effect a dissolution of the corporation, but merely suspended its ordinary function. The corporation continued in existence for the purpose of liquidating its affairs, and its directors were not ousted from office. (See *Planten* v. *National Nassau Bank*, 174 App. Div. 254; affd., 220 N. Y. 677.) The directors being also the liquidating committee, the duty devolved upon them, in one capacity or the other, to liquidate the affairs of the corporation.

In the process of liquidation and after the payment of creditors, on February 13, 1912, a meeting of said directors was held at which all were present, and action was taken for the purpose of declaring a dividend and distributing the money to the stockholders, and after making payments for expenses and other disbursements incurred, there remained in cash the sum of $14,343.51, being all of the cash remaining in the hands of the directors. The said directors thereupon prepared a dividend sheet by which they attempted to set off as against the amount of the dividend payable to Knapp Brothers, the sum of $8,725.51, claimed to be due the Deposit National Bank from Knapp Brothers, and the members constituting that firm, by reason of illegal dealings with the bank's property, to which was added interest $4,711.77, making a total of $13,437.28. The directors apparently took the position that by reason of said alleged set-off nothing was due or payable to Knapp Brothers, and the cash on hand belonging to said defendant bank was thereupon distributed to the stockholders other than Knapp Brothers and the individual members thereof, whereby substantially the entire assets of said defendant bank were distributed and no part thereof was allowed or paid to the said Knapp Brothers or their representative in bankruptcy.

The trustee in bankruptcy of said Knapp Brothers brings this action against the said directors and liquidating committee and against the stockholders of the defendant bank for an accounting. The defendants insist that the action is improperly brought in behalf of an individual stockholder; that in its nature it is a representative action and must be brought in the name of the corporation, or, if it refuses to act, by a stockholder in its stead for the benefit of all the injured stockholders. There can be no question but that in the case of a claim for moneys owing to a corporation or a claim belonging to it because of a wrong or injury, at least where the corporation is continuing in business, the action is representative

and must be brought either in the name of the corporation or by a stockholder in behalf of himself and other injured stockholders. (See *Niles* v. *N. Y. C. & H. R. R. R. Co.*, 176 N. Y. 119.) Undoubtedly in the case at bar it would have been proper for the plaintiff to have brought a representative action in behalf of Knapp Brothers and other stockholders. In fact no case has been submitted by the attorneys herein involving this question where the action was brought other than in a representative capacity.

Apparently, however, there is a distinction permitting an individual action to be brought in a case similar to the case at bar where a particular fund has been segregated and set apart in a distinct fund and placed in the dominion of the directors who refuse to use it for the purpose intended and thereby become trustees of the fund. This distinction is referred to and discussed in the case of *Searles* v. *Gebbie* (115 App. Div. 778; affd., 190 N. Y. 533), a case cited by the defendants. While the decision in that case is not in point here, the opinion therein states the rule apparently applicable to this case. There the court said: " The directors were not personally chargeable with the payment of this dividend unless they converted it to their own use or by some act changed their relation to it. * * * Now where the amount of the dividend has been segregated or set apart into a distinct fund for the purpose of paying the dividend and is within the dominion of the directors who refuse to use it for the purpose intended, they become trustees of the fund and an action in equity may be maintained to reach the fund and to charge the directors with official misconduct. (*LeRoy* v. *Globe Ins. Co.*, 2 Edw. Ch. 657; *King* v. *Paterson & Hudson River R. R. Co.*, 29 N. J. L. 89.) "

Apparently one of the reasons for requiring a representative action to be brought is that the funds of the corporation belong to and are held by it for the benefit of those interested therein, not only as stockholders but as creditors or otherwise.

In the case of *Niles* v. *N. Y. C. & H. R. R. R. Co.* (*supra*) the court said: " The question raised for review is as to whether the damages resulting from the conspiracy belong to the corporation or to the individual stockholder. In determining this question we must bear in mind that the rights of creditors are superior to those of the stockholders, who are only permitted to share in the earnings of the corporation or in the division of its assets after the claims of creditors have been satisfied."

It must be borne in mind that in the case at bar there are no outstanding creditors. It is conceded that all have been paid. The affairs of the defendant bank are in process of voluntary dissolution and liquidation. The only persons interested in the

funds are the stockholders. Even if it were required that the action should be in form a representative action, no other parties would be interested in the fund than the stockholders and directors, and in case a recovery were had in behalf of and for the benefit of the corporation, and the money were paid back into the hands of the corporation, the final result to be attained would be no different than what the plaintiff seeks. In other words, if the money were in the hands of the corporation, it would simply have to be redistributed and reapportioned. Therefore, whether the action be representative in form or can proceed in its present form, the same parties are before the court, the same fund is to be administered, and the same results may be obtained herein; moreover, the corporation is a party defendant. A complete determination may be had and to require the bringing of a representative action would be to insist upon the observance of empty form rather than substance. In the cases where a representative action was required there existed a reason therefor, but here no valid reason requires it and to insist on such a form of action where no good reason for it obtains, would seem nonsensical and absurd. Moreover, there is a possibility that a complete determination could not be arrived at in a representative action. It appears that the directors have distributed the fund to the defendant stockholders. The plaintiff is not bound by their act. It may be that in a representative action brought by or in behalf of a corporation the stockholders other than directors who have received a disproportionate share of the fund could resist an effort to force them to pay back under the defense that the payment was made under a mistake of law. The money in the hands of the directors and liquidating committee belonged solely to the stockholders. The directors held it solely for the purpose of and charged with the duty of distributing it ratably among the stockholders. The directors were, therefore, trustees for the stockholders for this purpose and this purpose only, there being no others interested in the fund. As such trustees they are amenable to the jurisdiction of a court of equity.

Apparently all of the stockholders are parties to the action other than possibly F. D. Holmes, F. Percy Knapp, Harold Knight and H. C. Hand, but their stock is claimed by the plaintiff to be the property of Knapp Brothers, and if it should appear in the future that these persons are necessary parties in order to procure a complete determination, the court has power to order them to be brought in.

The defendants raise the question that the complaint improperly attempts to unite a cause of action at law and in equity, but an

examination of the complaint reveals its sole and primary purpose to be an accounting. The facts alleged show that the plaintiff is entitled to an accounting, and it is apparent that an accounting is the appropriate and only adequate remedy.

For the reasons stated, an accounting is directed and a referee may be appointed to take proof of all the facts and circumstances involved therein, and upon such reference the rights of all parties can be adjusted.