### HOLLAND BANKING CO. v. CONTINENTAL NAT. BANK OF JACKSON COUNTY, AT KANSAS CITY, MO., et al.

#### No. 1481.

District Court, W. D. Missouri, W. D.

July 9, 1930.

Roscoe C. Patterson, of Kansas City, Mo., and Orin Patterson and Farrington & Curtis, all of Springfield, Mo., and H. G. Leedy, of Kansas City, Mo., for plaintiff.

Geo. L. Edwards, Omar E. Robinson, Henry L. Jost, Dickinson, Hillman & Dickinson, Bowersock, Fizzell & Rhodes, Morrison, Nugent, Wylder & Berger, Henry S. Conrad, L. E. Durham, Hale Houts, Elias Greenman, M. V. Thompson, W. T. McClure, Paul R. Stinson, Watson, Gage & Ess, Graves & Graves, Chas. M. Bush, Harris & Koontz, Gossett, Ellis, Dietrich & Tyler, Sharp & Sharp, Nourse & Bell, and Brennan & Fraker, all of Kansas City, Mo., for defendants.

REEVES, District Judge.

This is an action in the nature of a creditor's bill by complainant to subject the assets of the defendant corporation to the payment of its claim. It seeks also to enforce shareholders' liability under section 64, title 12, U. S. Code (12 USCA § 64), relating to the subject of banks and banking.

As an incident to said action, complainant has asked for the appointment of a receiver upon the ground, among others, that the assets of the defendant bank are not being properly administered and applied in liquidation of claims.

It appears from the pleadings and the admission of the parties that the complainant holds a judgment against the defendant bank and that such judgment has been finally affirmed by the Supreme Court of Missouri. 22 S.W.(2d) 821. This judgment is for a large sum.

The defendant bank is in process of voluntary liquidation, and its affairs are in the hands of a liquidating committee selected by the directors. The directors of said bank and liquidating committee challenge the justice of complainant's claim. They assert that said judgment was fraudulently and wrongfully procured and that it ought not to be enforced as a liability against the defendant bank. This is the contention of the defendants, notwithstanding the final affirmance of said judgment of the Supreme Court of Missouri.

Admittedly, with knowledge of the existence of said judgment, the liquidating agents of the bank have converted assets of the bank into cash and have declared and paid dividends to shareholders. The liquidating committee is now engaged in distributing the assets of the bank, and it refuses to recognize the validity or justice of complainant's demand.

The only question for consideration by this court is the propriety of appointing a receiver for the defendant bank under such circumstances.

■ The defendant bank went into voluntary liquidation under the provisions of section 181, title 12, U. S. Code (12 USCA § 181). This provision is that—

"Any association may go into liquidation and be closed by the vote of its shareholders owning two-thirds of its stock."

In the process of liquidation there was selected for said bank a liquidating committee. Such a committee is recognized by long practice as a proper agency for winding up the affairs of a national bank. However, such an agency functions rather by permission than by express authorization. It is not such a statutory agency as to require recognition by the court. It is not a substitute for a receivership. Obviously the liquidating committee in the instant case disputes the validity of complainant's judgment and has ignored such judgment in the distribution of funds.

■ For the purpose of this action and at this time the court must indulge every presumption in favor of the validity and fairness of the judgment approved by the highest court of the state. Voorhees v. Jackson ex dem. Bank of United States, 10 Pet. 449, 9 L. Ed. 490; Nations et al. v. Johnson et al., 24 How. 195, loc. cit. 203, 16 L. Ed. 628; Grignon's Lessee v. Astor et al., 2 How. 318, 11 L. Ed. 283; 15 R. C. L. § 353.

■ Acting upon such presumption, it is evident that the liquidating committee has disbursed funds in disregard of a judgment which the court must presume to be valid, binding, and effective. This would be sufficient within itself to warrant the court in appointing a receiver as prayed by the complainant. Pusey & Jones Co. v. Hanssen, 261 U. S. 491, 43 S. Ct. 454, 67 L. Ed. 763; Nolte v. Hudson Nav. Co. (C. C. A.) 31 F. (2d) 527.

The practice of the Comptroller of the Currency is in harmony with this view. See chapter 13 on the subject of Liquidation, document No. 2961, issued by the Treasury Department of the United States. See also Planten v. National Nassau Bank, 174 App. Div. 254, 160 N. Y. S. 297; Brown v. Deposit National Bank, 125 Misc. Rep. 247, 211 N. Y. S. 366; Merchants' National Bank of Minneapolis v. Gaslin, 41 Minn. 552, 43 N. W. 483; Richmond v. Irons, 121 U. S. 27, 7 S. Ct. 788, 30 L. Ed. 864. In King v. Pomeroy, 121 F. 287, 289, relied upon by defendants, the late Judge Sanborn of the Circuit Court of Appeals said:

"When a corporation becomes insolvent, all its property and all the liabilities of the grantors of its obligations constitute a trust fund pledged to the payments of its debts. And in cases where through fraud or maladministration this fund is being diverted from those who are entitled to receive it, the power is vested in, and the duty is imposed upon, courts of equity to appoint a receiver, to direct him to convert these trust funds into money, and to distribute the proceeds among the creditors. * * * Such a suit falls within the jurisdiction of a court of equity because it is a suit to execute a trust, because it avoids a multiplicity of suits by each of many creditors, and because the creditors have no adequate remedy at law."

■ The appointment of a receiver would not impinge upon the rights or duties of the Comptroller of the Currency. King v. Pomeroy, supra. Accordingly, a receiver should be appointed by this court.

Mr. John E. Cahill of Springfield, Mo., will be designated as receiver and directed to take charge of the assets of the defendant bank pending determination of this action.

All defendants served with process will be granted a period of 30 days in which to plead.