Eugenia Silberfeld, Individually and as Administratrix of the Estate of Samuel Silberfeld, Deceased, Plaintiff, *v* Swiss Bank Corporation et al., Defendants.

Supreme Court, Special Term, New York County, September 20, 1944.

*William St. John Tozer* for defendant.

*Boris M. Komar* for plaintiff.

NULL, J.   The defendant Swiss Bank Corporation has moved for an order dismissing the complaint or in the alternative to strike out each of the two causes of action on the ground of insufficiency.

The action is for an accounting by the plaintiff individually and as administratrix.   Although, it is expressly alleged in the complaint that plaintiff was duly appointed administratrix in the Surrogate's Court of the County of New York, the defendant contends that since the decedent died in Paris, France, she is in fact an ancillary administratrix without the capacity to maintain this action.   There is no warrant for calling the administratrix ancillary when the Surrogate's Court has designated her as a primary administratrix.   Primary or ancillary, however, the rights, powers, duties and liabilities of the administratrix are indistinguishable.   (Surrogate's Ct. Act, § 166; *Hopper* v. *Hopper,* 125 N. Y. 400, 403.)

The transactions out of which the suit arises occurred in France and in Switzerland.   It is urged, therefore, that a cause of action is pleaded which is founded upon an obligation or obligations due from a foreign bank located in a foreign country

where alone the payment of the indebtedness may be demanded. The action, however, is for an accounting of the proceeds of a joint venture arising out of a contract. Such an action is transitory. (*Corporation of New York* v. *Dawson*, 2 Johns. Cas. 335; *State ex rel. U. S. Trust Co.* v. *Phillips*, 12 Wn. [2d] 308.) The general jurisdiction of the courts of this State extends to transitory causes of action arising in another jurisdiction, even though the plaintiff may not have been a resident of this State when the cause of action arose, and although the defendant may be a foreign corporation. (*Matter of Baltimore Mail S. S. Co.* v. *Fawcett*, 269 N. Y. 379, 385; *Gregonis* v. *P. & R. Coal & Iron Co.*, 235 N. Y. 152; *Matter of Banque De France* v. *Supreme Court*, 287 N. Y. 483, certiorari denied 316 U. S. 646; General Corporation Law, §§ 224, 225.) Consequently this contention made by the defendant is without merit.

Nor is it necessary to plead the law of the foreign countries in which the alleged transactions occurred. Under the recently enacted section 344-a (subd. A, par. 1) of the Civil Practice Act (L. 1943, ch. 536, eff. Sept. 1, 1943) the trial court, in its discretion, may take judicial notice of the law of a foreign country. Therefore, where the complaint upon an obligation incurred in a foreign jurisdiction alleges facts which fairly may be assumed to create an obligation under the law of any civilized country, the plaintiff need not specifically allege the law of the country in which the transaction was had. (*Arams* v. *Arams*, 182 Misc. 328.)

It is urged by the defendant that the six-year Statute of Limitations is a bar to this action. An accounting for the proceeds of a joint venture, however, is not one of the cases enumerated under section 48 of the Civil Practice Act. The ten-year Statute of Limitations is applicable to this action. (Civ. Prac. Act, § 53; *Hutchinson* v. *Sperry*, 158 App. Div. 704; *Gilmore* v. *Ham*, 142 N. Y. 1; *Smith* v. *Maine*, 145 Misc. 521, 539, 540.)

Directed only to the second cause of action is the contention that the complaint sets forth a cause of action which properly belongs to the corporation and which is not maintainable by a stockholder. There is no basis for the defendant's position that a claim is asserted to funds belonging to the corporation. There is no inconsistency between the rights of a stockholder as such and his status as the beneficiary of corporate assets which remain after the corporation has discharged its liabilities and has discontinued its normal functions. It is the latter to which the second cause of action is addressed. It sufficiently sets forth a right to an accounting for funds alleged to be held

in trust by the defendants, and of which the plaintiff is a beneficiary. (*Brown* v. *Deposit National Bank,* 125 Misc. 247, and cases therein cited.)

The defendant has likewise asked for an order compelling the plaintiff to separately state and number her causes of action. The complaint already pleads two causes of action in substantial compliance with rule 90 of the Rules of Civil Practice. Further subdivision would serve no necessary or useful purpose. (*Crawford Music Corp.* v. *American Record Corp.,* 173 Misc. 205.)

The motion of the defendant Swiss Bank Corporation is in all respects denied, with leave to serve its answer within ten days after service of a copy of the order herein with notice of its entry.