## KRECHMER v. COHEN.

District Court, S. D. New York.
June 20, 1947.

Milton Pollack, of New York City (Philip B. Kurland, of counsel), for plaintiff.

Morris Gutt, of New York City, for defendant.

RIFKIND, District Judge.

This motion is made by defendant, before answer, to dismiss the complaint for failure to state a claim, Rule 12(b) (6), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, or for summary judgment, Rule 56(b). The motion is grounded upon the contention that the claim declared in the complaint is barred by limitations.

The complaint alleges that the parties entered into a joint venture in New Jersey, that defendant committed various breaches of his duties as co-venturer and that he appropriated to himself the profits of the enterprise; the prayer for relief is for judgment compelling the defendant to account.

Plaintiff is a citizen of New Jersey. Defendant is a citizen of New York; and this diversity is the source of federal jurisdiction.

In such a case, Guaranty Trust Co. v. York, 1945, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079, 160 A.L.R. 1231, requires the district court to apply the state statute of limitation. Section 13, New York Civil Practice Act, provides as follows:

"Limitation where cause of action arises outside of the state. Where a cause of action arises outside of this state, an action cannot be brought in a court of this state to enforce such cause of action after the expiration of the time limited by the laws either of this state or of the state or country where the cause of action arose, for bringing an action upon such cause of action, except * * *."

Since both parties agree that the cause of action arose in New Jersey, it follows that the action is barred if it is barred by the laws of New Jersey or the laws of New York. The New York statute of limitations has not yet run because ten years

have not elapsed since the cause of action accrued; and under New York law the complaint states a claim governed by the ten year statute, § 53 N.Y. Civil Practice Act. Silberfeld v. Swiss Bank Corp., 1944, 183 Misc. 234, 236, 50 N.Y.S.2d 838, affirmed 268 App.Div. 984, 52 N.Y.S.2d 583.

■ The law of New Jersey is not quite as clear. In that state the defense of the statute of limitations is normally not available in equity, Cole v. Brandle, 1940, 127 N.J.Eq. 31, 11 A.2d 255, 129 A.L.R. 1250; laches is the mechanism by which the state protects against stale claims.

■ I do not think that when § 13 of the N.Y. Civil Practice Act speaks of "time limited by the laws" of the forum or of the state where the cause of action arose, it means to include such limitations as are embraced within the concept of laches. Lapse of time is only one of the ingredients of laches. The Gertrude, 5 Cir., 1930, 38 F.2d 946, 948; Stevens v. Grand Central Mining Co., 8 Cir., 1904, 133 F. 28, 31; Townsend v. Vanderwerker, 1895, 160 U.S. 171, 187, 16 S.Ct. 258, 40 L. Ed. 383.

■ Sec. 2:24–1 of New Jersey Revised Statutes, N.J.S.A., establishes a six year limitation for actions of trespass, detinue, trover and, among others, for "actions of account."

This statute has been construed to extend not only to the common law action of account but to the equitable action for an accounting, Cowart v. Perrine, 1867, 18 N.J.Eq. 454; Arnett v. Finney, 1886, 41 N.J.Eq. 147, 3 A. 696; but not under all circumstances, Todd v. Rafferty's Adm'rs, 1878, 30 N.J.Eq. 254, aff'd 34 N.J.Eq. 552.

■ Moreover, New Jersey courts of equity exercise the power to relieve a suitor from the bar of the statute of limitations to prevent "manifest injustice." Partrick v. Groves, Err. & App., 1940, 115 N.J.Eq. 208, 169 A. 701. Whether such circumstances attend the present action cannot be determined on conflicting affidavits. Since, for the reasons stated, the motion must be denied, it is unnecessary to consider whether, under the law of New Jersey, the defendant's non-residence in, and absence

from, New Jersey tolled the statute. Shapiro v. Friedman, 1945, 132 N.J.L. 456, 41 A.2d 10.

Motion denied.