Saul S. Streit, J.
Defendant, Goodbody & Co., moves for dismissal of the complaint pursuant to subdivision 4 of rule 106 of the Rules of Civil Practice. The first two causes are in libel. By the third cause, plaintiff seems to assert a claim of intentional infliction of injury. As to each cause, plaintiff alleges that the acts and conduct therein set forth constitute an actionable wrong under the law of Switzerland. The allegation is the pleader’s conclusion of the effect of the law of Switzerland and whether it is statutory or decisional is not stated. Unless judicial notice of that law is taken in the exercise of discretion (Civ. Prac. Act, § 344-a), the complaint cannot be *396 sustained. In Pfleuger v. Pfleuger (304 N. Y. 148) the complaint rested upon a claim of wrongful death, but failed to specify the Pennsylvania statute on which the right of action was based. The court stated (p. 152)': “In the exercise of such discretion the court may — in passing on the sufficiency of a pleading ■ — • take, or refuse to take, judicial notice of the specified matters of foreign law depending upon the deterrent factors of time, cost, and other adverse considerations which may be involved in making available to the court accurate knowledge of such foreign law. No such difficulties should be encountered in the present case, where the law upon which the plaintiff relies is a statute of the State of Pennsylvania.” Having thus determined to take judicial notice, the court stated further: “the information the defendants seek may be the objective of a corrective motion under subdivision 1 of rule 102 of the Buies of Civil Practice or a motion for a bill of particulars.” The area of favorable exercise of discretion cannot, of course, be further defined. In Silberfeld v. Swiss Bank Corp. (183 Misc. 234, affd. 268 App. Div. 984) judicial notice was taken, the court stating (p. 236): “where the complaint upon an obligation incurred in a foreign jurisdiction alleges facts which fairly may be assumed to create an obligation under the law of any civilized country, the plaintiff need not specifically allege the law of the country in which the transaction was had. ’ ’ And in Arams v. Arams (182 Misc. 328, 335) judicial notice was taken, the court stating: “ There is nothing in the complaint here under consideration which gives any reason to suppose that plaintiff’s title to and right of possession of the stocks and bonds described in his second cause of action depend upon any peculiar or unusual contract or transaction, or even upon any contract made or transaction taking place in Switzerland, and it is altogether likely that under the law of Switzerland a taking of one person’s property by another is a wrong which gives rise to an obligation to pay the value thereof. In such a case it is strained and artificial to say that his complaint is insufficient upon its face merely because it does not allege what the law of Switzerland is upon that subject. Justice and convenience are both best served by not requiring allegation and proof of what is obvious at least prima facie. ’ ’
Here, however, the court is concerned with claims in libel and intentional infliction of harm, which present questions of such nicety and refinement that it cannot be said that it may be fairly assumed the facts set out in the complaint create a cause of action in a foreign country, or that they are likely to constitute *397 a wrong giving rise to a cause of action, or that no difficulty should be encountered, particularly in bringing to the court accurate knowledge of the foreign law.
The motion is granted, with leave to the plaintiff to serve an amended complaint within 20 days from service of a copy of this order with notice of entry.