Birdie Amsterdam, J.
On a prior motion for dismissal of the complaint for legal insufficiency, the court stated: “ Pour causes are stated with respect to an injury sustained in the course of a world cruise * * *. Defendants object that plaintiff has
failed to allege the longitude and latitude of the ship at the time of the accident and injury and at the places where duty was breached and the law or laws of such places giving rise to a claim of right to recover the damage sought. Plaintiff is entitled to rely upon the duty undertaken and upon the proposition that the laws of civilized countries afford remedy and damage for the injury and wrongs of which complaint is made. If, as defendants seem to urge plaintiff is barred by pertinent law it is a matter of defense.” The order of denial was affirmed (15 A D 2d 777) upon the ground that ‘1 Where a motion is addressed to the sufficiency of the complaint as a whole, it is properly denied if any one of the causes set forth is sufficient.”
Defendants now move pursuant to sections 280 and 281 of the Civil Practice Act and under subdivision 4 of rule 106 of the Rules of Civil Practice for dismissal of the first, second and fourth causes and urge that the causes are insufficient for failure to state where the wrongs occurred which allegedly caused plain *286 tiff’s injury and death and the law of the place of accident and of death. The defendants, in support of their contention, adopt the following statement of the court in Andretto Bank v. Goodbody & Co. (15 Misc 2d 395, 396-397): “ Here, however, the court is concerned with claims in libel and intentional infliction of harm, which present questions of such nicety and refinement that it cannot be said that it may be fairly assumed the facts set out in the complaint create a cause of action in a foreign country, or that they are likely to constitute a wrong giving rise to a cause of action, or that no difficulty should be encountered, particularly in bringing to the court accurate knowledge of the foreign law.”
Libel and prima facie tort are not comparable to the injury and wrong of which complaint in the instant suit is made. Moreover, where the injury arises out of the performance of a contract of carriage, 1 ‘ In such a case as the one at bar the place of the personal injury should not determine the validity of the contract.” (Fish v. Delaware, Lackawanna & Western R. R. Co., 211 N. Y. 374,383.) The liability of the defendants and the rights of the plaintiff remain the same and are adjudicated by the same standard whether the form of relief is on contract or in negligence (Dyke v. Erie Ry. Co., 45 N. Y. 113). The evidence to support the claims in either case is substantially the same and the liability in each case is co-extensive (Carroll v. Staten Is. R. R. Co., 58 N. Y. 126).
Accordingly, the motion is in all respects denied.