VICTOR SILBER et al., Appellants, *v.* CLARENCE RAINESS & Co., Respondent.

First Department, April 30, 1970.

*Myron Kommel* and *Robert Shenkman* of counsel (*Kommel, Rogers, Lorber & Shenkman,* attorneys), for appellants.

*Francis E. Lake, Jr.,* of counsel (*Thomas W. Hill, Jr.,* with him on the brief; *Spear & Hill* attorneys), for respondent.

EAGER, J.  The plaintiffs appeal from dismissal following a nonjury trial of their action brought against the defendant for an accounting.  The action was brought by plaintiffs as stockholders of J. H. Frederick, Inc. (Frederick) "in behalf of themselves and all the parties to be benefited by the provisions" of a written agreement hereinafter mentioned for the liquidation of the assets of Frederick and of an associated corporation, American Dixie Shops, Inc. (Dixie).  The right to an accounting is claimed to be based upon the wrongful countersigning of checks by defendant firm of public accountants in its employment by the corporations in the liquidation affairs.  It is alleged that the defendant's acts "were deliberate and reckless and in flagrant breach of its fiduciary duty to plaintiffs and to all of the parties who were to benefit by the accounting and distribution provided for by the terms of the agreement".

We agree with the dissenting Justice that the corporations are not necessary parties to this action.  Nevertheless, the dismissal of plaintiffs' complaint should be affirmed on the ground

that there was a failure to establish any obligation on the part of the defendant to account to plaintiffs as a fiduciary.

The defendant had been engaged as a certified public accountant to perform services in connection with the chapter XI bankruptcy proceedings of Frederick and Dixie. The liquidation agreement entered into between Louis H. Kahn & Sons, Inc. (Kahn), the stockholders of Frederick and Dixie, including the plaintiffs, and other parties, provided that Kahn should deposit a sum for the purpose of discharging fully all priority claims and administration expenses against the corporations and for the payment to general creditors of 14% of their claims. The assets of the two corporations were to be collected and liquidated in the manner provided for in the agreement with a distribution of proceeds to be made as therein provided. Included was a provision whereby Kahn, following payment of the priority claims, administration expenses and general creditors, would be entitled to a repayment on account of the sum deposited and on account of its own claims. There was further provision whereby the plaintiffs, as investors and stockholders, and the parties represented by them, would become entitled to payment from the assets of the corporations following the payment directed to be made to Kahn and the payment for legal services, accounting fees and other items.

The agreement further provided that the defendant " shall be retained to present a certified accounting of all the transactions involved herein and of the distributions to which the parties are entitled, in accordance with the provisions herein set forth. One or more employees of CLARENCE RAINESS & CO. [defendant] shall be designated as signatories whose signatures shall be required jointly with any  *  *  *  person designated by Kahn, on all disbursements of the Debtors-in-Possession."

The corporations, Frederick and Dixie, were not named in the agreement as parties. Although the defendant was also not a party to the agreement, its employees did undertake to perform the accounting services relative to the transactions under the liquidation agreement. The services of the defendant were rendered under its employment by the corporations. In this connection, defendant received and continued in charge of the books of the corporations and countersigned the checks.

Funds received in connection with the liquidation of the assets of the corporations, together with the deposit paid by Kahn, were deposited in corporate bank accounts. The gravamen of the plaintiffs' claim is that the defendant in disregard of notice

to it and prior to the preparation of a proper accounting by it, wrongfully countersigned checks whereby substantial sums were wrongfully paid over to Kahn.

Assuming *arguendo*, that the agreement of the defendant to countersign checks on the bank accounts of the corporations was for the purpose of the protection of the rights of plaintiffs and all other persons who were to benefit from a distribution of the assets of the corporation, the plaintiffs nonetheless have failed to establish a cause of action for an accounting. At the most, the plaintiffs' proof merely established the existence of a bare agency on the part of the defendant in the matter of the countersigning of the checks. It was not established that the defendant wrongfully received or possessed any money withdrawn from the bank accounts as a result of the countersigning of the checks or that defendant wrongfully profited in any way from the transactions. Certainly, proof merely of the countersigning of the checks in breach of defendant's agreement and of its alleged duties to the plaintiffs does not support an action for an accounting.

Proof merely of the existence of a bare agency is not sufficient to entitle the principal to an accounting by the agent. (See *Marvin* v. *Brooks,* 94 N. Y. 71, 80.) The right to maintain an action for an accounting against an agent depends upon whether or not the agent has acted as and breached his duty as a fiduciary. This ordinarily requires a showing that the agent has received property or funds belonging to his principal or has so dealt with the subject matter of his agency as to wrongfully profit at the expense of his principal. (See *Marvin* v. *Brooks, supra*; *Conger* v. *Judson,* 69 App. Div. 121; *Lee* v. *Washburn,* 80 App. Div. 410, 412; *Talmudic Literature Publishers* v. *Lewin,* 226 App. Div. 1, 2; *Zeltser* v. *Mark,* 7 A D 2d 851, 852. See, also, annotation "Availability of equitable remedy of accounting between principal and agent", 3 ALR 2d 1310, and cases cited pp. 1318, 1319.) Applicable here is what was said by the court in *Schantz* v. *Oakman* (163 N. Y. 148, 156–157), to wit: "Transactions between parties, which will warrant one in holding the other accountable for his acts, must possess the elements of agency and of a trust reposed, with respect to moneys or other property received. * * * If we might say, with respect to the purpose and object of their agreement [the particular agreement between the parties], that there resulted, to that extent, relations of a mutual and confidential nature, that would not aid the plaintiff's case; for that fact must be followed by proof of money or property intrusted to

the defendants, which imposed upon them the burden of accounting. (*Marvin* v. *Brooks, supra.*)''

Furthermore, there is no showing by plaintiffs that the alleged wrongful countersigning of checks by defendant resulted in any damage to the plaintiffs or persons represented by them. Payments from the corporate bank accounts, including the sums represented by the checks to Kahn, countersigned by defendant, were in substantial compliance with the scheme of priorities provided for. It does not appear that the plaintiffs would have been entitled to any distribution from the funds represented by the countersigned checks. Absent a showing of damages, the plaintiffs have no right of action in equity or otherwise against the defendant.

The judgment dismissing plaintiffs' complaint should be affirmed, with costs and disbursements to the defendant-respondent.

McNALLY, J. (dissenting). In this action for an accounting and other relief, the amended complaint has been dismissed on the ground that the two corporations involved are indispensable parties, because it is one to vindicate the rights of the two corporations. The allegations of the amended complaint and the record, in my opinion, make out a cause of action for an accounting in favor of the plaintiffs.

Prior to December 19, 1962, American Dixie Shops ('' Dixie '') and J. H. Frederick, Inc. ('' Frederick '') were the subject of reorganization proceedings pursuant to chapter XI of the Bankruptcy Act. Plaintiffs are stockholders of Frederick. Louis H. Kahn & Sons, Inc. ('' Kahn '') for some time prior to December 19, 1962 had been a creditor of the corporations. Kahn offered to make available for the creditors 14% of their proven claims, as well as payment of priority and administration claims. The offer provided for a transfer of the assets of the two corporations to Kahn for liquidation and distribution. The plaintiffs, as stockholders of Frederick, were to receive pro rata the balance remaining after the expenses of liquidation and the payment of prior claims. Kahn's offer was accepted and the agreement thereon is evidenced by the instrument dated December 19, 1962. Neither Frederick nor Dixie is a party thereto. The plaintiffs, stockholders of Frederick, are parties to the agreement.

To implement the agreement, a deposit of $100,000 was made with the attorney for the creditors of which Kahn provided $75,000. The agreement provided for a deposit in escrow by plaintiffs of their corporate stock pending confirmation of the

plans of arrangements and distribution as provided in the agreement. On compliance with said conditions, the escrowee was empowered to transfer the shares of stock to Kahn. Kahn undertook to liquidate assets of the corporations within 30 days after January 12, 1963. Distribution was to be made as follows: "All monies and assets shall be distributed promptly within the time limitations herein set forth, simultaneously to the parties named herein below    *    *    *    but only to the extent the same is available and in the following order of priority ". Various priorities were established, including the deposit of $75,000 by Kahn; the indebtedness owing to Kahn of $123,000 and, after payment of priority and administration claims, one third of the remaining balance to Kahn. Thereafter, plaintiffs were entitled to prorata payment.

Paragraph 10 of the agreement provides: " CLARENCE RAINESS & CO., Certified Public Accountants, shall be retained to present a certified accounting of all the transactions involved herein and of the distributions to which the parties are entitled, in accordance with the provisions herein set forth. One or more employees of CLARENCE RAINESS & CO. shall be designated as signatories whose signatures shall be required jointly with any of the TUMPOWSKYS designated and/or any person designated by KAHN, on all disbursements of the Debtors-in-Possession."

On January 28, 1963, the plans of arrangement were confirmed by the Bankruptcy Court. Plaintiffs deposited their stock in escrow pursuant to the agreement. Liquidation of the corporations' assets proceeded in accordance with said agreement.

The defendant is a copartnership engaged in the practice of accountancy. Prior to December 19, 1962, defendant had been retained by the Bankruptcy Court to examine the books of the corporations. Defendant was compensated for its services pursuant to orders of the Bankruptcy Court until January 28, 1963 when Frederick and Dixie were discharged from bankruptcy. Since then, defendant has been in charge of the books and records of Frederick and Dixie and has been compensated out of the proceeds of the liquidation.

Frederick and Dixie maintained bank accounts in the First National City Bank of New York. These bank accounts were continued during the period of liquidation. The president of Kahn and a representative of the defendant were cosignatories of checks drawn against said accounts.

On or about May 2, 1963, defendant cosigned checks totaling $132,427.25 payable to Kahn. Prior thereto, defendant had been repeatedly instructed by plaintiffs and their representative not

to make any payment to Kahn prior to an accounting of the assets, receipts and payments resulting from the liquidation of the corporations in accordance with the agreement of December 19, 1962. Defendant has not rendered any account to the plaintiffs with respect to the liquidation of the corporations.

In my opinion, the corporations are not necessary parties. Under the plan of liquidation, approved by the Bankruptcy Court, upon payment of 14% of accrued claims, the obligations to the creditors of the corporations were discharged. In addition, pursuant to the direction of the Bankruptcy Court, the expenses of the reorganization were paid. The agreement of December 19, 1962 transferred all the assets of the corporations to Kahn subject to the payments therein provided. After the distributions provided for, plaintiffs were entitled to the balance, pro rata. There is no provision in the agreement for payment to the corporations. The corporations ceased to function except for the purpose of the liquidation of their assets. Distribution was to be made, not to the corporations, but in accordance with the agreement. The corporations had no legal or beneficial interest in the bank accounts which were included in the transfer to Kahn. In the absence of legal or equitable right in and to any of the assets of the corporations transferred under the agreement of December 19, 1962, the corporations are not necessary parties to this action. (*Brown* v. *Deposit Nat. Bank,* 125 Misc. 247, affd. 234 App. Div. 524; *Silberfeld* v. *Swiss Bank Corp.,* 183 Misc. 234, affd. 268 App. Div. 984.) A defunct corporation is not a necessary party. (*Weinert* v. *Kinkel,* 296 N. Y. 151, 152.) Moreover, nonjoinder is not a ground for dismissal. (*Carruthers* v. *Waite Mining Co.,* 306 N. Y. 136.) Consequently, the dismissal of the action by reason of the failure to join the corporations is error.

The record establishes that the defendant, subsequent to confirmation of the plans of arrangement, continued in charge of the books and records of the corporations. In addition, it is undisputed that defendant's representative cosigned checks drawn against the corporate accounts with Kahn's president. Defendant during liquidation was compensated out of the proceeds of the liquidation. Defendant also made the required computations of the selling price upon the sale of the stores and other assets.

The testimony and documentary evidence establish that plaintiffs relied on and sought the services of the defendant in order to protect their financial interest as defined in the agreement of December 19, 1962. The record also demonstrates that defen-

dant rendered services in accordance with and pursuant to said agreement. The proof does not sustain the defendant's contention that it was retained during the liquidation by the defunct corporations. Nor is there substance to defendant's contention that it was acting during the liquidation for Kahn, a preferred payee under the agreement, whose interest was adverse to that of the plaintiffs. Moreover, Kahn, as cosignee of checks, did not require for its security the cosignature of the defendant.

In the light of the circumstances, having assumed to act under the agreement, it was incumbent on the defendant to conform with its terms. This the defendant failed to do, in signing checks payable to Kahn before accounting to the parties to the agreement, including plaintiffs, and before the completion of the liquidation, since the agreement expressly provides for distribution " simultaneously to the parties ".

There would appear to be a joint venture as to the parties to the agreement of December 19, 1962 entitled to participate in the distribution of the net assets of the corporations. The defendant may not be a party to the joint venture. Nevertheless, although not a signatory, it undertook to act pursuant to the agreement. Thereby, the defendant became the agent of the joint venturers situated as the plaintiffs, and was under a duty to maintain the books and accounts of the joint venture, to account to the parties thereto with respect to the transactions of the joint venture, and to comply with the terms of the agreement, including the direction for simultaneous payment to the beneficiaries. (*Marvin* v. *Brooks,* 94 N. Y. 71; *Rhodes* v. *Little Falls Dairy Co.,* 230 App. Div. 571, affd. 256 N. Y. 559; *Talmudic Literature Publishers* v. *Lewin,* 226 App. Div. 1; *Jewett* v. *Commonwealth Bond Corp.,* 241 App. Div. 131; Mechem, Agency [4th ed.], § 536, p. 367.)

The evidence, in my opinion, establishes a breach of a fiduciary obligation on the part of the defendant. In such case, it is the obligation of the defendant to account and the plaintiffs are not to be deprived of the right to an accounting because they may not be able to establish damage prior to the accounting.

STEVENS, P. J., and MARKEWICH, J., concur with EAGER, J.; McNALLY, J., dissents in a dissenting opinion.

Judgment affirmed, with $50 costs and disbursements to the defendant-respondent.