◼ HAROLD F. SCATTERGOOD, JR., et al., Appellants, v JAMAICA WATER SECURITIES CORPORATION, Respondent. [650 NYS2d 854] —Mikoll, J. Appeals (transferred to this Court by order of the Appellate Division, Second Department) from (1) an order of the Supreme Court (Scarpino, Jr., J.), entered June 22, 1995 in Westchester County, which granted defendant's motion to dismiss the amended complaint for failure to state a cause of action, and (2) from the judgment entered thereon.

Plaintiffs are 66 holders of warrants of participation issued under a warrant agreement made in 1969 by Jamaica Water and Utilities, Inc. (hereinafter JWU). The warrant agreement purported to provide existing shareholders of JWU an opportunity to share in the benefits that might arise from a "condemnation or other disposition of water properties owned by Jamaica Water Supply Company" (hereinafter JWS). The relevant language of section 2.01 (a) of the warrant agreement reads: "If at any time * * * prior to December 31, 1994 any part of the net utility plant assets of [JWS] constituting the [Water Supply] System is voluntarily or involuntarily, in any manner, disposed of, other than in the ordinary course of business and other than when any of such assets are judged by the board of directors of [JWU] to be no longer useful in the conduct of the business of [JWS], for consideration, [JWU] upon the receipt of the full amount of such consideration [shall place any excess consideration received into an account for warrantholders]." Funds from this account were to be used to purchase additional shares of JWU to be distributed among the warrantholders.

Defendant, a subsidiary of Jamaica Water Properties, Inc. (JWU's predecessor), was formed in 1977 to acquire and hold the common stock of Jamaica and Sea Cliff Water Company. The creation of defendant was necessary to afford the banks a first lien on the assets of JWU. The required stock transfer was approved by the Public Service Commission.

Plaintiffs commenced the instant action for declaratory relief

asserting that, as a result of the stock transfer, they have a right to receive shares in defendant because defendant, as successor owner of JWU, now is bound to issue shares under section 6.08 of the warrant agreement. In an amended complaint plaintiffs requested, *inter alia*, a declaration that defendant, as successor to JWU, is obligated to issue shares pursuant to the warrant agreement, the condemnation proceedings triggered that obligation, plaintiffs are entitled to receive shares of defendant as a result of the prosecution of the condemnation proceeding, and the determination of defendant to cause JWS to be sold constitutes a disposition under the warrant agreement, giving plaintiffs a right to receive shares of stock in defendant. Additionally, plaintiffs requested that, under equity principles, the December 31, 1994 warrant expiration date be extended. Subsequently, defendant moved to dismiss the amended complaint pursuant to CPLR 3211 (a) (5) (res judicata), CPLR 3211 (a) (7) (failure to state a cause of action) and CPLR 3211 (a) (5) (Statute of Limitations).

Based on the papers submitted, Supreme Court granted defendant's motion and dismissed the action on the merits. The court, noting that there were no factual issues of dispute, found it was a proper case for judgment on the merits, relying on *Law Research Serv. v Honeywell, Inc.* (31 AD2d 900). Additionally, Supreme Court ruled that the condemnation proceeding did not constitute a disposition of defendant's assets and refused to lengthen the December 31, 1994 deadline on equity grounds. However, Supreme Court did not reach defendant's res judicata or Statute of Limitations claims.

There should be an affirmance. Plaintiffs' contention that Supreme Court erroneously dismissed the action on the merits without giving the parties notice that it was treating the motion as one for summary judgment as required by CPLR 3211 (c) or an opportunity to develop the record by discovery pursuant to CPLR 3211 (d) is without merit. Here, where there were no issues of fact but only of law involved which were fully argued and appreciated by both sides, Supreme Court properly granted summary judgment without first giving notice of its intention to do so (*see, Mihlovan v Grozavu*, 72 NY2d 506, 508; *Four Seasons Hotels v Vinnik*, 127 AD2d 310, 320; *see also*, CPLR 3211 [c]).

Plaintiffs' argument that Supreme Court failed to comply with the requirements of CPLR 3211 (d) pertaining to time for discovery under CPLR 3211 (d) is also without merit. It does not appear from affidavits submitted in opposition to defendant's motion that facts essential to justify opposition to the

motion may exist but cannot at the time be stated. The allegations of plaintiffs' complaint were detailed, supported by exhibits and there was ample opportunity to conduct discovery. Plaintiffs' motion papers do not show that essential additional facts exist which could correct their defects in their pleading. The operative facts are not in dispute and the determination depends only on questions of law, that is, the interpretation to be given to contract language and the legal effect of condemnation proceedings. Thus, Supreme Court could properly decide the action on the merits.

Plaintiffs' claim that the power to condemn the assets of the water company granted by General City Law § 20 (2) (c) and the commencement of a condemnation proceeding under that provision constitute a disposition that triggers plaintiffs' right to receive shares of stock pursuant to the warrant agreement is rejected. Although General City Law § 20 (2) requires New York City to acquire the water company's assets by condemnation, it also provides that title to the property shall not vest in the City until "entry of the final judgment, the filing of the final decree, and the conclusion of any appeal or expiration of the time to file an appeal related to the condemnation proceeding" (General City Law § 20 [2]). This statutory condition has not yet been fulfilled. The condemnation proceedings have not been decided nor has a final judgment been entered.

Plaintiffs' argument that the fact that the statute requires that New York City condemn the property is sufficient to constitute a disposition as that term is used in the warrant agreement fails. Disposition is defined as "[t]he parting with, alienation of, or giving up property" (Black's Law Dictionary 471 [6th ed 1990]). This definition and the language of the statute lead to the conclusion that defendant has not yet disposed of the assets in question. Title to the assets remains with defendant and has not yet vested in the City.

Additionally, condemnation is looked upon as the "[p]rocess of taking private property for public use through the power of eminent domain. 'Just compensation' must be paid to [the] owner for [the] taking of such" (Black's Law Dictionary 292 [6th ed 1990]). Here defendant, the rightful owner, has neither received just compensation nor been compelled to give up the property to New York City.

Plaintiffs' claim that General City Law § 20 (2) (c) so restricts defendant's ability to sell the property as to constitute a disposition of the property also lacks merit. Although the provision creates an impediment to the sale of the property, defendant is free to sell it at a fair price to another subject to New York

City's power to condemn the property. This is not a disposition of the property. The condemnor is still required to pay just compensation before taking title to the property.

Moreover, plaintiffs' argument that a disposition has occurred because the property is subject to the City's right to condemn is rejected. Under the terms of the warrant agreement, including the formula to be used in determining the amount of shares of JWU to be purchased for the warrantholders, JWU must receive consideration for the property. Until reception of the consideration for the property, no shares can be purchased and the excess value of the consideration received cannot be determined. Thus, even if the condemnation proceedings were found to constitute a disposition, the warrantholders would still not be entitled to any shares of stock under the warrant agreement.

Finally, we reject plaintiffs' assertion that Supreme Court's failure to apply equity principles to extend the expiration date of the warrants beyond December 31, 1994 was error. Plaintiffs gave no consideration to JWU in return for the gift of the warrants and had no vested interest in the warrants. Thus, plaintiffs' reliance on *J.N.A. Realty Corp. v Cross Bay Chelsea* (42 NY2d 392, 397), which involved a forfeiture of the plaintiff's vested rights, is misplaced. Plaintiffs' loss from the expiration of the warrants did not amount to a forfeiture.

Cardona, P. J., Yesawich Jr., Spain and Carpinello, JJ., concur. Ordered that the order and judgment are affirmed, with costs.