■ RONALD YATTER, Appellant, v WILLIAM MORRIS AGENCY, INC., Respondent. [682 NYS2d 198] —Order, Supreme Court, New York County (Charles Ramos, J.), entered June 30, 1997, which granted defendant's motion to dismiss the amended complaint to the extent of dismissing the first and second causes of action, unanimously reversed, on the law, with costs, and the first and second causes of action reinstated.

As to plaintiff's first cause of action for breach of contract, we find that plaintiff's allegations are sufficient to withstand defendant's motion to dismiss pursuant to CPLR 3211 (a) (1) and (7). The nature of the breach, at least with respect to the shareholders' agreement, was adequately pleaded, given the allegations in the complaint together with plaintiff's affidavit and the contract itself, which was attached to the pleadings (*see, e.g.*, *Merrill Lynch, Pierce, Fenner & Smith v Chipetine*, 221 AD2d 284, 287; *see also, Jaffe v Paramount Communications*, 222 AD2d 17, 22-23). As to the documentary evidence defense, in our view, the IAS Court erred in concluding at this stage of the litigation that the contested provisions of the shareholders' agreement cannot be read to impose any obligation on defendant to disapprove the accountants' valuation of a departing employee's stock under any circumstances.

As to both the breach of contract claim and the second cause of action, for breach of fiduciary duty, we find that plaintiff possessed an individual cause of action with respect to the alleged intentional undervaluation of his shares for purposes of their repurchase by defendant (as opposed to an actual decrease in the stock's value), contrary to the IAS Court's conclusion that only a derivative cause of action would lie for such claim.

We further find that, as to plaintiff's second cause of action, for breach of fiduciary duty, facts relating to this claim are particularly within defendant's knowledge, and, just as the IAS Court declined to dismiss plaintiff's fraud claim as insufficiently pleaded under CPLR 3016 (b) for this reason, it should have declined to dismiss the fiduciary claim on the same ground.

In light of our conclusion that the IAS Court erred in dismissing the two causes of action, we turn to the issue of whether they are barred by the Statute of Limitations. With respect to

the breach of contract claim, which must be brought within six years of accrual (CPLR 213 [2]), we agree with plaintiff's contention that this cause of action accrued on the date of the closing of the transaction that gives rise to this litigation (*see, Rachmani Corp. v 9 E. 96th St. Apt. Corp.*, 211 AD2d 262), and that therefore this cause of action is not time-barred. A breach of fiduciary duty claim falls under either a three-year or six-year limitation period, depending on the nature of the relief sought (*Loengard v Santa Fe Indus.*, 70 NY2d 262, 266; *Ghandour v Shearson Lehman Bros.*, 213 AD2d 304, 306, *lv denied* 86 NY2d 710). Because plaintiff's breach of fiduciary duty claim seeks only money damages, the applicable limitations period is three years. While defendant does not appear to contest plaintiff's argument that a discovery accrual rule applies to this claim, defendant does maintain that it is time-barred because plaintiff had reason to know of the alleged breach as early as 1989, six years before the action was brought. However, because we conclude that there is a question of fact as to plaintiff's knowledge in this regard, the cause of action for breach of fiduciary duty cannot be dismissed at this juncture on this ground. Concur—Milonas, J. P., Rosenberger, Ellerin and Andrias, JJ.