■ In the Matter of JOHN A. KNUTSON et al., Appellants, v LILLIAN A. K. TILLOTSON et al., Respondents, and LANDVIK REALTY CORPORATION, Respondent. (And an Action.) [704 NYS2d 118] —In a hybrid proceeding pursuant to Business Corporation Law § 1104-a for dissolution of a corporation and an action, inter alia, for a judgment declaring a lease between the respondent Kirsten Realty Corporation, as landlord, and the respondent Landvik Realty Corporation, as tenant, null and void, the appeal is from an order of the Supreme Court, Suffolk County (Dunn, J.), dated October 27, 1998, which granted that branch of the cross motion of the respondent Landvik Realty Corporation which was for summary judgment declaring that the lease is valid and that Landvik Realty Corporation properly exercised its option to renew thereunder.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for entry

of a judgment declaring that the lease is valid and that Landvik Realty Corporation properly exercised its option to renew thereunder.

The Supreme Court properly found that the appellants were both time-barred and equitably estopped from attempting to invalidate the subject lease, which was entered into 25 years ago (*see,* Business Corporation Law § 909; *Svenska Finans Intl. BV v Scolaro, Shulman, Cohen, Lawler & Burstein,* 37 F Supp 2d 178; *Yatter v Morris Agency,* 256 AD2d 260). In any event, the lease was validly entered into and its terms were not unconscionable at the time of its making. Therefore, Landvik Realty Corporation has demonstrated that it is entitled to a declaration that the lease is valid and that it properly exercised its option to renew thereunder.

We note that since this is a declaratory judgment action, the Supreme Court should have directed the entry of a declaration in favor of Landvik Realty Corporation (*see, Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901). Bracken, J. P., McGinity, Luciano and Feuerstein, JJ., concur.