■ CRAIG POMRANZ, Respondent, v JOSHUA TAUBER et al., Appellants, et al., Defendant. [720 NYS2d 39] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered on or about December 14, 1999, which, in an action by a tenant against his landlords alleging fraud and seeking rescission of an agreement under which the tenant surrendered the subject apartment, restoration of the apartment to plaintiff's possession, compensatory damages, and treble damages and attorneys' fees under New York State Rent and Eviction Regulations (9 NYCRR) § 2106.1 (d), denied the landlords' motion to dismiss the complaint, and granted plaintiff's cross motion to amend the complaint so as to indicate that treble damages and attorneys' fees were being sought under New York City Rent and Rehabilitation Law (Administrative Code of City of NY) § 26-413 (d) (1), and so as to add as an additional defendant the present tenant of the apartment, unanimously modified, on the law, to deny the tenant's cross motion insofar as it sought to amend the complaint to assert a cause of action under Administrative Code § 26-413 (d) (1), and to dismiss so much as the complaint as seeks relief under 9 NYCRR 2106.1, and otherwise affirmed, without costs.

The tenant alleges that the written agreement under which he surrendered the apartment in consideration of a sum of money was fraudulently induced by a prior notice of termination falsely stating that the landlords wanted the apartment for the immediate use of a family member and false contemporaneous oral representations to the same effect. Such specific allegations of a false present intent not to act as represented are sufficient to state a cause of action for fraud (*cf., New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 318). However, the complaint fails to state a cause of action under Administrative Code § 26-413, which conditions relief of treble damages and attorneys' fees for a landlord's failure to make immediate and personal use of an apartment upon the issuance of a certificate of eviction by the Division of Housing and Community Re-

newal, never obtained by the landlords here. Concur—Nardelli, J. P., Williams, Andrias, Wallach and Lerner, JJ.