■ JAMES K. BOULEY, Appellant, v C. ALAN BOULEY et al., Defendants, and THOMAS F. FARRELL, Respondent. [797 NYS2d 221]—

Appeal from an order of the Supreme Court, Cayuga County (Thomas A. Stander, J.), entered August 2, 2004. The order granted the motion of defendant Thomas F. Farrell to dismiss the complaint against him pursuant to CPLR 3211 (a) (5).

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff appeals from an order granting the motion of Thomas F. Farrell (defendant) seeking dismissal of the complaint against him as time-barred (*see* CPLR 3211 [a] [5]). The third cause of action in the verified complaint, for breach of fiduciary duty, is asserted solely against defendant. The other two causes of action at issue herein are asserted against all of the defendants; the fourth cause of action is for breach of contract, and the fifth cause of action also apparently is for breach of contract. Defendant was not a party to the contract referred to in the complaint, however, and thus cannot be sued for its breach (*see Blank v Noumair*, 239 AD2d 534 [1997]). Supreme Court treated the action as against defendant as one for legal malpractice and concluded that the action was untimely commenced as against him. Affording the complaint and plaintiff's opposing affidavit a liberal construction and accepting their alleged facts as true (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]), we conclude that the action as against defendant may be construed as one for either legal malpractice or breach of fiduciary duty. We further conclude that, in either event, the complaint was properly dismissed against defendant as time-barred.

With respect to legal malpractice, defendant's work in connection with the contract at issue ended, at the latest, in June 1999, and plaintiff did not commence this action until December 2002. Thus, we agree with the court that the action as against defendant is time-barred to the extent that it may be construed as one for legal malpractice against him (*see* CPLR 214 [6]; *Carnevali v Herman*, 293 AD2d 698, 698-699 [2002]; *cf. Glamm v Allen*, 57 NY2d 87, 93-94 [1982]). Contrary to plaintiff's contention, the continuous representation doctrine does not toll the commencement of the limitations period until March 2000 (*see McCoy v Feinman*, 99 NY2d 295, 306 [2002]; *Shumsky v Eisenstein*, 96 NY2d 164, 168 [2001]).

With respect to breach of fiduciary duty, we conclude that a three-year statute of limitations applies herein. The statute of limitations for breach of fiduciary duty "depends on the substantive remedy which the plaintiff seeks" (*Loengard v Santa Fe Indus.*, 70 NY2d 262, 266 [1987]). If the relief sought is equitable, the six-year period set forth in CPLR 213 (1) applies, but if only money damages are sought, the three-year period set forth in CPLR 214 applies (*see Kaufman v Cohen*, 307 AD2d 113, 118 [2003]; *Matter of Kaszirer v Kaszirer*, 286 AD2d 598 [2001]; *Yatter v William Morris Agency*, 256 AD2d 260, 261 [1998]). Here, plaintiff purports to seek both types of relief, in the form of monetary damages and an accounting. We conclude, however, that plaintiff has not alleged sufficient facts to entitle him to the equitable relief of an accounting.

"The basis for an equitable action for [an] accounting is the existence of a fiduciary or trust relationship respecting the subject matter of the controversy . . . . The fiduciary relationship necessary to obtain an accounting is created by the plaintiff entrusting to the defendant some money or property with respect to which the defendant is bound to reveal his dealings" (*Stevens v St. Joseph's Hosp.*, 52 AD2d 722, 722-723 [1976]; *see Silber v Clarence Rainess & Co.*, 34 AD2d 188, 191-192 [1970], *affd* 28 NY2d 612 [1971]; *Schantz v Oakman*, 163 NY 148, 156-157 [1900]; *see also* 1 NY Jur 2d, Accounts and Accounting §§ 38, 40). Plaintiff fails to allege in either the complaint or his opposing affidavit that he has entrusted money or property to defendant, nor does he allege that defendant holds money or property with respect to which he owes a duty of accounting to plaintiff. We thus conclude that plaintiff has alleged sufficient facts to entitle him only to monetary damages. The three-year statute of limitations therefore applies (*see Kaszirer*, 286 AD2d at 598-599; *Yatter*, 256 AD2d at 261), rendering the action time-barred as against defendant. We reject plaintiff's further contention that the discovery accrual rule applies herein (*see generally Kaufman v Cohen*, 307 AD2d 113, 122-123 [2003]). The discovery accrual rule does not apply because there are no allegations of fraud with respect to defendant (*see Dignelli v Berman*, 293 AD2d 565, 566 [2002]; *see also Heffernan v Marine Midland Bank*, 283 AD2d 337, 338 [2001]).

Finally, we reject plaintiff's contention that the motion should have been denied on the ground that further discovery was required. We conclude that plaintiff has not established that additional discovery would disclose facts "essential to justify opposition" to defendant's motion (CPLR 3211 [d]; *see generally Scattergood v Jamaica Water Sec. Corp.*, 234 AD2d 688, 689-690

[1996]). Present—Green, J.P., Hurlbutt, Scudder, Pine and Lawton, JJ.