■ STEWART TITLE INSURANCE COMPANY, Appellant, v LIBERTY TITLE AGENCY, LLC, et al., Defendants, and ALBERT YORIO, Respondent. EXTELL DEVELOPMENT COMPANY et al., Intervenor-Defendants. [922 NYS2d 18]—

Judgment, Supreme Court, New York County (Richard B. Lowe, III, J.), entered October 20, 2009, dismissing the complaint as against defendant Yorio, unanimously reversed, on the law, with costs, the judgment vacated, and the complaint reinstated as against Yorio.

Plaintiff alleges that defendant Liberty Title Agency, LLC, and its three members, including Yorio, who was also Liberty's executive vice president and general counsel, failed to record deeds and mortgages after closings and, instead, misappropriated for their personal benefit the escrow funds entrusted to them. The fact that the complaint refers to the owners and officers of Liberty as the "Individual Defendants" does not render the causes of action insufficiently stated as to any one of the individual defendants, since "Individual Defendants" refers not to a diverse group of defendants to which entirely different acts giving rise to the action may be attributed, but to the three members of a single corporate defendant, who all are alleged to have engaged in the same acts. Thus, the complaint gave Yorio notice of the transactions and occurrences alleged to give rise to liability on his part (see CPLR 3013; compare Deep v Urbach, Kahn & Werlin LLP, 19 Misc 3d 1142[A], 2008 NY Slip Op 51139[U] [2008]).

Viewed in the light most favorable to plaintiff, the complaint alleges fraud with sufficient particularity to satisfy the heightened pleading requirements of CPLR 3016 (b), since the facts alleged permit the "reasonable inference" that Yorio participated in the alleged wrongful conduct (see Pludeman v Northern Leasing Sys., Inc., 10 NY3d 486, 491-492 [2008]; Polonetsky v Better Homes Depot, 97 NY2d 46, 55 [2001]). The complaint states the cause of action for breach of fiduciary duty with sufficient particularity, since the parties are alleged to have created a relationship of higher trust than that which arose from the underwriting agreement alone (see EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19-20 [2005]; see also Northeast Gen. Corp. v Wellington Adv., 82 NY2d 158 [1993]). The complaint also states facts sufficient to support piercing the corporate veil, since it alleges that Yorio used his domination and control over the corporation to divert escrow funds for his personal benefit and perpetuate a fraud against plaintiff (see Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d 135, 141 [1993]). Concur—Tom, J.P., Mazzarelli, Acosta, Renwick and Freedman, JJ.