09-2185-cv(L)
Gurvey v. Cowan, Liebowitz & Latman, P.C., et al.

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10th day of February, two thousand twelve.

PRESENT:

AMALYA L. KEARSE,
JOSÉ A. CABRANES,
ROBERT D. SACK,
            *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

AMY R. GURVEY,

            *Plaintiff-Appellant,*

            -v.-                                                  Nos.    09-2185-cv(L)
                                                                          10-4111 (Con)

COWAN, LIEBOWITZ & LATMAN, P.C., CLEAR CHANNEL COMMUNICATIONS, INC., LIVE NATION, INC., INSTANT LIVE CONCERTS, LLC, NEXTICKETING, INC., WILLIAM BORCHARD, MIDGE HYMAN, BAILA CELEDONIA, CHRISTOPHER JENSEN, DALE HEAD, STEVE SIMON, MICHAEL GORDON, and SUSAN SCHICK,

            *Defendants-Appellees.*[1]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

[1] The Clerk is directed to amend the official caption as indicated above.

1

**FOR APPELLANT:**                                   Amy R. Gurvey, *pro se*, Upper
                                                     Montclair, N.J.

**For APPELLEES:**                                   J. Richard Supple, Jr., Hinshaw &
                                                     Culbertson LLP, New York, N.Y.,
                                                     *for* Cowan, Liebowitz & Latman
                                                     PC, William Borchard, Midge
                                                     Hyman, Baila Celedonia, and
                                                     Christopher Jensen;

                                                     Samara L. Kline (Melissa
                                                     Armstrong, *on the brief*), Baker
                                                     Botts LLP, Dallas, Texas, *for* Live
                                                     Nation, Inc., InstantLive
                                                     Concerts, LLC, NexTicketing,
                                                     LLC, and Clear Channel
                                                     Communications, Inc.

Appeal from a judgment of the United States District Court for the Southern District of New York (Barbara S. Jones, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED in part** and **VACATED and REMANDED in part**.

Plaintiff-appellant Amy R. Gurvey appeals from the District Court's April 23, 2009 judgment dismissing her third amended complaint ("TAC") pursuant to Fed. R. Civ. P. 12(b)(6). We assume the parties' familiarity with the underlying facts and the procedural history of the case, some of which we briefly reiterate here.

BACKGROUND

In February 2006 Gurvey filed her initial complaint in this action, principally asserting claims of misappropriation of trade secrets against all defendants named in the complaint, fraud and breach of fiduciary duty against her attorney, Cowan, Liebowitz & Latman LLC ("Cowan"), and unfair

2

competition and interference with prospective economic advantage against Cowan, Clear Channel Communications ("CCC"), InstantLive, and Live Nation, Inc. ("Live Nation"). Gurvey did not serve the complaint on the defendants at that time.

Four months later, in June 2006, Gurvey filed an amended complaint, which added a subsidiary of CCC as a defendant, as well as, *inter alia*, claims of malpractice against Cowan. Gurvey served the first amended complaint on all defendants, and attached a copy of the original complaint.

Later, on March 4, 2008, Gurvey filed her third[2] amended complaint, which forms the basis of this appeal. The TAC added as defendants several partners of and one associate employed by Cowan (together with Cowan, the "Cowan Defendants"), several executives of the corporate defendants, and Michael Gordon, the bass guitarist for the rock band "Phish." The TAC also asserted numerous claims against various defendants for, *inter alia*, misappropriation of trade secrets, unfair competition, breach of fiduciary duty, tortious interference with a contract, tortious interference with prospective economic relations, attorney malpractice, violations of Section 2 of the Sherman Act,[3] violations of state antitrust laws, and violations of the Lanham Act.[4]

On April 23, 2009, the District Court dismissed the TAC in its entirety.[5] *Gurvey v. Cowan, Liebowitz & Latman, P.C.*, No. 06 Civ. 1202, 2009 WL 1117278 (S.D.N.Y. Apr. 24, 2009) ("*Gurvey II*").

---

[2] Gurvey, who filed her initial complaint *pro se*, moved on October 10, 2006 to file a second amended complaint. While that motion was still pending, Gurvey retained counsel and requested leave to file a third amended complaint. The District Court granted permission to file a third amended complaint, deeming the *pro se* motion moot. *Gurvey v. Cowan, Liebowitz & Latman*, No. 06 Civ. 1202, Docket No. 41, at 2 (S.D.N.Y. Jan. 23, 2008) (order granting permission to file third amended complaint).

[3] 15 U.S.C. § 2, *et seq.*

[4] 15 U.S.C. § 1051, *et seq.*

[5] On March 16, 2009, the District Court dismissed the action against CCC and Live Nation for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2). *See Gurvey v. Cowan, Liebowitz & Latman, P.C.*, No. 06 Civ. 1202, 2009 WL 691056 (S.D.N.Y. Mar. 17, 2009) ("*Gurvey I*"). Although Gurvey claims that this dismissal constituted reversible error, she failed to include in her Notice of Appeal her intent to appeal from this order. *See Gurvey*, No. 06 Civ. 1202, Docket No. 83 (S.D.N.Y. Sept. 23, 2010) (Notice of Appeal). We therefore do not have jurisdiction to decide her claim that the District Court erred by dismissing her claims against CCC and Live Nation for lack of personal jurisdiction. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 256 (2d Cir. 1995).

The court determined that Gurvey's claims of misappropriation of trade secrets, unfair competition, and tortious interference with contract claims were time-barred. The court also determined that her state and federal antitrust claims, as well as her unjust enrichment claim, had been inadequately pleaded. It further found that Gurvey's false advertising claims under the Lanham Act were related to the authorship of her allegedly proprietary ideas and therefore were not properly the subject of an action under the Lanham Act.

With respect to Gurvey's claims for tortious interference with prospective economic relations, the court concluded that Gurvey's allegations—that, because Cowan illegally revealed her proprietary information and trade secrets to CCC and Live Nation, she lost the opportunity to complete a private placement offering of securities to be issued by her own company—were too vague to give rise to a plausible claim for relief. The court determined that the TAC neglected to allege that defendants knew of Gurvey's private placement opportunity when they allegedly wrongfully interfered with the opportunity, and therefore dismissed the tortious interference claim.

Finally, with respect to Gurvey's legal malpractice claims against the Cowan defendants, the court concluded that Gurvey had offered only "vague and non-actionable challenges" to defendants' legal representation. Gurvey's allegation that defendants had failed to protect the confidentiality of her trade secrets was not premised on "anything more than speculation" and did not present a challenge to the actual quality of defendants' legal representation. In addition, Gurvey's allegation of a conflict of interest did not include any detail as to the supposed conflict. Moreover, the court determined that Gurvey had failed to identify the precise damages she had suffered or how defendants' legal representation had actually caused these damages. Gurvey's breach of fiduciary duty claims against the Cowan defendants were dismissed for similar reasons.[6]

---

[6] The District Court also dismissed Gurvey's claim for an accounting because an accounting is a remedy, not a separate claim.

4

On appeal Gurvey argues that the District Court abused its discretion by (1) failing to adjudicate her April 2010 Rule 60(b) motion which, *inter alia*, sought leave to file a fourth amended complaint; (2) dismissing her claims against the defendants for misappropriation of her trade secrets, violation of the federal and state unfair competition and antitrust laws, tortious interference with her contractual and business relations, and attorney malpractice and breach of fiduciary duty; (3) not issuing a formal order with respect to the Cowan defendants' motion to compel arbitration and stay all proceedings pending arbitration; (4) failing to enter on the docket and adjudicate her requests to "reinstate" discovery; (5) granting Live Nation's and CCC's motions to dismiss for lack of personal jurisdiction; (6) finding that defendants did not engage in unfair competition by issuing false and misleading press releases; and (7) dismissing her claims against Cowan for ongoing malpractice and breach of fiduciary duty before the United States Patent and Trademark Office and for tortious interference with her contract with her previous employer, Legend Films.[7]  Gurvey has also moved to correct the record on appeal, requesting that we order the District Court to docket various documents she has unsuccessfully attempted to file with the District Court during the pendency of this appeal, including a record of a state arbitration proceeding and a motion filed pursuant to Fed. R. Civ. P. 60(b), and that we order the District Court to permit her to file a fourth amended complaint (which she has also unsuccessfully attempted to file with the court).  The Cowan defendants have petitioned for fees and costs, requesting that Gurvey be required to pay their expenses associated with the defense of the instant appeal.

---

[7] Gurvey also appeals from the District Court's denial of her motion for reconsideration of dismissal pursuant to Fed. R. Civ. P. 59(a). *See Gurvey*, No. 06 Civ. 1202, Docket No. 80 (S.D.N.Y. Sept. 20, 2010) (order denying motion to reconsider).  In adjudicating Gurvey's Rule 59 motion, the District Court found that several of the arguments she made in her motion were newly raised.  The court accordingly refused to consider those arguments. *Gurvey*, No. 06 Civ. 1202, Docket No. 80 (S.D.N.Y. Sept. 20, 2010) (order denying motion to reconsider); *see Nat'l Union Fire Ins. Co. of Pittsburgh v. Stroh Cos., Inc.*, 265 F.3d 97, 115 (2d Cir. 2001) (noting that under Local Rule 6.3 of the Southern District of New York, a plaintiff may not raise a new argument for the first time in a motion for reconsideration).  Because the arguments were not properly presented to the District Court, they are not before us now. *See Nat'l Union Fire Ins. Co.*, 265 F.3d at 115-16.  To the extent the District Court rejected any earlier-raised arguments in its denial of Gurvey's motion for reconsideration, those arguments are addressed in tandem with, and subsumed by, our discussion of the court's dismissal of Gurvey's complaint on the merits.

DISCUSSION

We review *de novo* a dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6), "construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Having conducted an independent and *de novo* review of the record in light of these principles, and for substantially the reasons stated by the District Court in its thorough and well-reasoned opinion and order of April 2009, *Gurvey II*, 2009 WL 1117278, we affirm the judgment to the extent that it dismissed Gurvey's claims for misappropriation of trade secrets, unfair competition, and tortious interference with contract as time-barred, and to the extent that it dismissed her claims for false advertising, violations of state and federal antitrust laws, and tortious interference with prospective economic relations, for failing to sufficiently plead claims upon which relief may be granted.

However, we vacate the District Court's judgment to the extent that it dismissed Gurvey's claims for attorney malpractice and breach of fiduciary duty against the Cowan defendants. Construing the TAC liberally, accepting all the factual allegations in the complaint as true, and drawing all reasonable inferences in Gurvey's favor, *see Bell Atl. Corp.*, 550 U.S. at 570, we conclude that Gurvey stated a plausible claim by alleging that the defendants used the information given to them as part of a confidential attorney-client relationship to their own advantage by disclosing it to other clients who then

6

profited therefrom to Gurvey's detriment, *see Ulico Cas. Co. v. Wilson, Elser, Moskowitz, Edelman & Dicker*, 56 A.D.3d 1, 10 (1st Dep't 2008).[8] We therefore remand the cause for further proceedings before the District Court on these claims.

We deny Gurvey's motion to correct the record on appeal, having found that the documents she asks this Court to consider either were not properly filed with the District Court or concern events that occurred subsequent to the District Court's dismissal of her claims. *See generally* Fed. R. App. P. 10(e) (setting forth procedure for correction of record on appeal). We also deny the request of the Cowan defendants for an award of appellate costs and fees. *See* Fed. R. App. P. 38; *Schiff v. United States*, 919 F.2d 830, 834 (2d Cir. 1990).

We have reviewed Gurvey's remaining arguments and find them to be without merit.

CONCLUSION

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED in part and VACATED in part as specified above. The cause is REMANDED to the District Court for further proceedings consistent with this order, including discovery on the remaining claims and any possible dispositive motions that may thereafter ensue.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

---

[8] The plausibility of this argument is bolstered by Gurvey's allegation that Cowan withdrew from representing Gurvey before the United States Patent and Trademark Office due to what Cowan allegedly termed a "conflict of interest."

7