■ FRONT, INC., Respondent-Appellant, v PHILIP KHALIL et al., Appellants-Respondents. PHILIP KHALIL, Third-Party

Plaintiff-Appellant, v JEFFREY A. KIMMEL et al., Third-Party Defendants-Respondents. [960 NYS2d 79]—

Order, Supreme Court, New York County (Donna M. Mills, J.), entered May 25, 2012, which, to the extent appealed from, granted defendants' motion to dismiss the complaint as against defendant James O'Callaghan for lack of personal jurisdiction, granted the motion as to defendant Eckersley O'Callaghan Structural Design (EOC) (with O'Callaghan, the UK defendants) to the extent of referring the issue of long-arm jurisdiction pursuant to CPLR 302 (a), granted the motion to dismiss the first cause of action as against defendant Philip Khalil, denied the motion to dismiss the fifth through eleventh causes of action, and denied the motion to disqualify third-party defendants from serving as counsel for plaintiff in the main action, and granted third-party defendants' motion to dismiss the third-party complaint, unanimously modified, on the law, to deny defendants' motion to dismiss the complaint as against the UK defendants for lack of personal jurisdiction, and to grant the motion to dismiss the tenth and eleventh causes of action as against the UK defendants, and otherwise affirmed, without costs.

The complaint alleges that Khalil, an employee of plaintiff, and employees of EOC, including O'Callaghan, worked together to use plaintiff's confidential and proprietary information to divert work for Apple Inc., including a project for the Apple Store on Broadway in Manhattan, from plaintiff to Khalil and EOC. These allegations are sufficient to establish that the UK defendants transacted business in New York, through Khalil as their agent, and therefore to invoke jurisdiction over them pursuant to CPLR 302 (a) (1) (see *New Media Holding Co. LLC v Kagalovsky*, 97 AD3d 463 [1st Dept 2012]).

The allegations also are sufficient to establish that the UK defendants engaged in tortious conduct in New York, again acting through Khalil as their agent, and therefore to invoke jurisdiction pursuant to CPLR 302 (a) (2) (see *Small v Lorillard Tobacco Co.*, 252 AD2d 1, 17 [1st Dept 1998], *affd* 94 NY2d 43 [1999]). This is so despite the motion court's dismissal of the conspiracy claim (the first cause of action) as against Khalil (see *Reeves v Phillips*, 54 AD2d 854 [1st Dept 1976]).

We do not find that subjecting the UK defendants to jurisdiction in New York would offend due process (see *Kreutter v McFadden Oil Corp.*, 71 NY2d 460, 466 [1988]).

The allegations that the UK defendants were aware that Khalil was plaintiff's full-time employee, and hired him and caused him to breach his duty to plaintiff, inter alia, by inducing him to disclose plaintiff's confidential and proprietary information, state a cause of action for tortious interference with plaintiff's business relationship with Khalil (see *Zimmer-Masiello, Inc. v Zimmer, Inc.*, 159 AD2d 363, 366 [1st Dept 1990], *lv dismissed* 76 NY2d 772 [1990]).

The complaint alleges that Khalil used plaintiff's resources to do work for EOC, including accessing and forwarding to the UK defendants confidential information such as the amount of plaintiff's bids on pending contracts, as well as "innovative technical details" and "specialty glass details" that plaintiff had "custom-designed and developed" for several specified projects. These allegations state causes of action for unfair competition and misappropriation of trade secrets (see *Eagle Comtronics v Pico Prods.*, 256 AD2d 1202, 1203 [4th Dept 1998]; *Sylmark Holdings Ltd. v Silicone Zone Intl. Ltd.*, 5 Misc 3d 285, 287 [Sup Ct, NY County 2004]).

The complaint alleges aiding and abetting breach of fiduciary duty with the requisite particularity (see CPLR 3016 [b]; *Stewart Tit. Ins. Co. v Liberty Tit. Agency, LLC*, 83 AD3d 532, 533 [1st Dept 2011]; *National Westminster Bank v Weksel*, 124 AD2d 144, 149 [1st Dept 1987]).

The causes of action for a constructive trust and an accounting must be dismissed as against the UK defendants since plaintiff concededly had no fiduciary relationship with them (see *Krinos Foods, Inc. v Vintage Food Corp.*, 30 AD3d 332 [1st Dept 2006]; *Bouley v Bouley*, 19 AD3d 1049, 1051 [4th Dept 2005]). However, the complaint states causes of action for a constructive trust over any monies or other property that may be identified as having flowed from Khalil's usurpation of business opportunities from plaintiff and for an accounting from Khalil (see *Poling Transp. Corp. v A & P Tanker Corp.*, 84 AD2d 796, 797 [2d Dept 1981]; *Bouley*, 19 AD3d at 1051).

Plaintiff's counsels' status as third-party defendants is not a sufficient basis for disqualifying them (see *Aryeh v Aryeh*, 14 AD3d 634, 634 [2d Dept 2005]).

As to the third-party complaint, an absolute privilege attaches to the statements made by plaintiff's counsel in the April 2011 letters, because they were issued in the context of "prospective litigation" (see *Sexter & Warmflash, P.C. v Margrabe*, 38 AD3d

163, 174 [1st Dept 2007]; *Vodopia v Ziff-Davis Publ. Co.*, 243 AD2d 368 [1st Dept 1997]). Even viewed in the liberal light required on a motion to dismiss pursuant to CPLR 3211, the third-party complaint and the documentary evidence fail, absent the libel claims, to allege the "malice" or use of "improper or illegal means" required to state a cause of action for tortious interference with business relations (*see Amaranth LLC v J.P. Morgan Chase & Co.*, 71 AD3d 40, 47 [1st Dept 2009], *lv dismissed in part, denied in part* 14 NY3d 736 [2010]).

We have considered defendants' remaining arguments for affirmative relief, including their contentions as to the cause of action for injunctive relief, and find them unavailing. Concur—Mazzarelli, J.P., Friedman, Manzanet-Daniels, Román and Clark, JJ. **[Prior Case History: 2012 NY Slip Op 31404(U).]**