(October 15, 2013)

■ BRIAN ESTRADA, Appellant, v METROPOLITAN PROPERTY GROUP, INC., et al., Respondents. [973 NYS2d 147]—

Order, Supreme Court, New York County (Donna M. Mills, J.), entered August 10, 2012, which, upon reargument of defendant Wells Fargo Bank, N.A.'s motion to dismiss, granted the motion and dismissed the complaint as against it, granted defendant Victoria Hughes's motion for summary judgment dismissing the complaint as against her, and granted defendant Metropolitan Property Group, Inc.'s (the broker) cross motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

Plaintiff could not have reasonably relied on alleged misstatements about a cooperative apartment's square footage in deciding to purchase the apartment. The advertisements for the apartment by the broker described the apartment as "550 s.f." and as "approximately 500 s.f." The discrepancy in the square footage in the various advertisements should have alerted plaintiff to the possibility that advertisements were not accurate with respect to square footage but mere sales puffery. Under these circumstances, plaintiff should have taken the opportunity to inspect the apartment before he contracted to buy it. Moreover, with respect to the appraiser and the bank, plaintiff could not have relied on the appraiser's report inasmuch as he entered into a contract to purchase the apartment four months before the appraisal was prepared. Accordingly, the court properly dismissed the fraud claims against defendants (see Stuart Silver Assoc. v Baco Dev. Corp., 245 AD2d 96, 98-99 [1st Dept 1997]).

The court properly dismissed the breach of fiduciary duty claim against the broker. Given that the fraud claim was deficient, the only branch of the fiduciary duty claim that could have remained was one for "injury to property." However, that claim is time-barred by the three-year statute of limitations (see CPLR 214 [4]; Yatter v Morris Agency, 256 AD2d 260, 261 [1st Dept 1998]), as the alleged injury occurred more than three years before the filing of this action. Concur—Andrias, J.P., Sweeny, Acosta, Saxe and Clark, JJ. **[Prior Case History: 2012 NY Slip Op 32131(U).]**