17-2760-cv
Gurvey v. Cowan, Liebowitz & Latman, PC

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of December, two thousand eighteen.

PRESENT:
>           AMALYA L. KEARSE,
>           DEBRA ANN LIVINGSTON,
>           SUSAN L. CARNEY,
>                     *Circuit Judges.*

---

Amy Rebecca Gurvey,

>           *Plaintiff-Appellant*,

>           v.                                                          17-2760

Cowan, Liebowitz & Latman, P.C., Clear
Channel Communications, Inc., Live Nation,
Inc., Instant Live Concerts, LLC, NextTicketing,
Incorporated, William Borchard, Midge Hyman,
Baila Celedonia, Christopher Jensen, Dale Head,
Steve Simon, Nicole Ann Gordon, Susan Schick,

>           *Defendants-Appellees*,

Does, 1-X Inclusive, Michael Gordon,

>           *Defendants.*

---

**FOR PLAINTIFF-APPELLANT:**                    Amy R. Gurvey, *pro se*,
                                               Upper Montclair, NJ.


**FOR DEFENDANTS-APPELLEES:**                   J. Richard Supple, Jr.,
                                               Hinshaw & Culbertson LLP,
                                               New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Schofield, *J.*; Pitman, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Amy Gurvey ("Gurvey"), proceeding *pro se*, appeals a judgment of the United States District Court for the Southern District of New York entered on July 6, 2017, granting summary judgment in favor of the defendants with respect to her attorney malpractice and breach of fiduciary duty claims, an August 9, 2017, order deny reconsideration, as well as numerous prior interlocutory orders. *See* Notice of Appeal, *Gurvey v. Cowan Liebowitz & Latman PC*, No. 06-cv-1202 (S.D.N.Y. Sept. 1, 2017), ECF No. 419. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review orders granting summary judgment *de novo*. *Sotomayor v. City of N.Y.*, 713 F.3d 163, 164 (2d Cir. 2013). "A motion for summary judgment may properly be granted—and the grant of summary judgment may properly be affirmed—only where there is no genuine issue of material fact to be tried, and the facts as to which there is no such issue warrant the entry of judgment for the moving party as a matter of law." *Kaytor v. Elec. Boat Corp.*, 609 F.3d 537, 545 (2d Cir. 2010). A district court generally may not make credibility assessments when evaluating the evidence at the summary judgment stage. *Rogoz v. City of Hartford*, 796 F.3d 236,

245–46 (2d Cir. 2015).   However, this Court has ruled that "in certain cases a party's inconsistent and contradictory statements transcend credibility concerns and go to the heart of whether the party has raised *genuine* issues of material fact to be decided by a jury."   *Rojas v. Roman Catholic Diocese of Rochester*, 660 F.3d 98, 106 (2d Cir. 2011).   Under the "sham issue of fact" doctrine, a party may not "defeat[] summary judgment simply by submitting an affidavit that contradicts the party's previous sworn testimony."   *Moll v. Telesector Res. Grp., Inc.*, 760 F.3d 198, 205 (2d Cir. 2014) (internal quotation marks and citation omitted).   We review the denial of leave to amend for abuse of discretion.   *See Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012).

The district court properly granted summary judgment to defendants because Gurvey's claims were untimely.   Gurvey's attorney malpractice claim is subject to New York's three-year statute of limitations.   *See* N.Y. C.P.L.R. § 214(6).   Similarly, New York's statute of limitations for a breach of fiduciary duty claim seeking monetary damages is three years.   *See Bouley v. Bouley,* 797 N.Y.S.2d 221, 223 (N.Y. App. Div. 2005).   Both actions accrue when the conduct giving rise to the claim took place.   *See Shumsky v. Eisenstein*, 750 N.E.2d 67, 69 (N.Y. 2001) (malpractice); *Kaufman v. Cohen*, 760 N.Y.S.2d 157, 166 n.3 (N.Y. App. Div. 2003) (breach of fiduciary duty).

Under New York's continuous representation doctrine, the limitations period is tolled while there is continuing representation of a client that "pertains specifically to the matter in which the attorney committed the alleged malpractice."   *Shumsky*, 750 N.E.2d at 70-71.   The period of tolling extends only while there is a "mutual understanding" between the client and legal professional that further services are required and ends "once the client is informed or otherwise put on notice of the attorney's withdrawal from representation."   *Id.* at 72–73.

3

Here, an independent review of the record reveals that the district court properly granted summary judgment. The evidence shows that Gurvey's attorney-client relationship with the defendants[1] had unequivocally terminated by December 2002, when Gurvey wrote to the firm with an accusation that it had misappropriated her confidential information and indicated her intent to pursue the matter "vigorously." Jensen Declaration, Ex. 4 at 3, *Gurvey*, No. 06-cv-1202 (S.D.N.Y. Jan 4., 2017), ECF No. 378. As Gurvey admitted in her deposition that she has no evidence that any of the individual Cowan attorneys revealed her confidential information, the one incident which might raise a genuine issue of fact regarding her claim is a conversation in April 2002 between herself, Cowan attorney Susan Schick, and Phish bass guitarist Michael Gordon. However, because the tolling period terminated with the attorney-client relationship, Gurvey would have had to file her complaint by December 2005 to be timely. Thus, the claims in her February 2006 complaint are time-barred, and we affirm for substantially the reasons stated by the district court in its thorough July 6, 2017 opinion and order.

The district court did not abuse its discretion in denying Gurvey further leave to amend her complaint. While leave to amend should be freely granted, it may be denied "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). Gurvey engaged in a pattern of filing a motion to amend and then, while the motion was pending but after the defendants had

---

[1] While there are a number of Defendants-Appellees included in the caption, Gurvey's only claims to survive this Court's previous summary order, *see Gurvey v. Cowan, Liebowitz & Latman, P.C.*, 462 F. App'x 26 (2d Cir. 2012), were her malpractice and fiduciary duty claims against Cowan Liebowitz & Latman ("Cowan"), and Cowan attorneys William Borchard, Midge Hyman, Baila Celedonia, and Christopher Jensen (collectively, the "Cowan Defendants"). *See id.* at 30; *see also* Defs.-Apps. Brief at 1.

4

responded, filing a new motion to amend. The district court reasonably concluded that this pattern of filing constituted bad faith and unduly prejudiced the defendants, especially because Gurvey proposed these amendments more than six years after filing her initial complaint. *See Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993) ("[T]he longer the period of an unexplained delay [in seeking to amend a complaint], the less will be required of the nonmoving party in terms of a showing of prejudice." (internal quotation marks and citation omitted)). While she claims that she only learned of the bases for the proposed Sixth Amended Complaint after the defendants' December 2012 document production, the district court found this implausible given the similarity between her proposed Fifth and Sixth Amended Complaints. Furthermore, the district court noted several clear contradictions between the Sixth Amended Complaint and Gurvey's earlier sworn statements, adding to its concern that the new complaint was filed in bad faith.

We have considered Gurvey's remaining arguments and find them to be without merit.[2] Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] In particular, Gurvey's notice of appeal noted her intention to appeal all interlocutory orders entered since this Court's previous summary order in February 2012, which remanded the case to the district court. These various orders related to, *inter alia*, the scope of discovery, the imposition of a litigation stay, the issuance of sanctions, her repeated insistence that opposing counsel be disqualified, and her motion to disqualify the magistrate judge. We see no abuse of discretion in the disposition of these motions.