47-53 Chrystie Holdings LLC v Thuan Tam Realty Corp. (2018 NY Slip Op 08239)





47-53 Chrystie Holdings LLC v Thuan Tam Realty Corp.


2018 NY Slip Op 08239


Decided on December 4, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 4, 2018

Acosta, P.J., Renwick, Mazzarelli, Gesmer, Singh, JJ.


7769 651896/15

[*1]47-53 Chrystie Holdings LLC, et al., Plaintiffs-Appellants,
v
Thuan Tam Realty Corp., et al., Defendants-Respondents, Wing Yui Choi, et al., Defendants.


Frydman, LLC, New York (David S. Frydman of counsel), for appellants.
Paul D. Wexler, New York, for respondents.



Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered June 29, 2017, which, to the extent appealed from as limited by the briefs, granted defendants-respondents' motion to dismiss the cause of action for fraud as against defendants Diane Choi, Cam Thi Tai, Lisa Quach, Chung Tem Choi and Jonathan Choi, the cause of action for rescission of plaintiffs' termination of a purchase agreement and specific performance of that agreement, and the cause of action, alternatively, for breach of the agreement, unanimously reversed, on the law, with costs, and the motion denied.
Plaintiff Theodore Welz, through plaintiff 47-53 Chrystie Holdings LLC (Chrystie), entered into a stock purchase agreement with the individual defendants, majority shareholders of defendant Thuan Tam Realty Corp (Realty). Under the purchase agreement, plaintiffs were afforded a 20-day due diligence period, during which they could terminate the agreement, and defendants were required to give plaintiffs reasonable access to Realty's books and records and to furnish information that plaintiffs reasonably requested. The complaint alleges that plaintiffs requested Realty's corporate documents and that the individual defendants represented, on a number of occasions, that no corporate documents existed. The record contains an email from Realty's manager to plaintiffs' counsel stating that he had confirmed with the "different shareholders" that Realty did not have the requested corporate documents. The complaint alleges that plaintiffs relied on this representation and, based on the uncertainty concerning the existence of corporate documents, terminated the purchase agreement.
The parties continued to negotiate, and they agreed to revive the agreement on the condition that a court of competent jurisdiction issue a declaratory judgment as to the holdout shareholder's rights, which would address the uncertainty created by the absence of corporate documents. The individual defendants then secured a higher purchase price from plaintiffs. After the second purchase agreement was signed, defendants disclosed that corporate documents did exist.
The complaint states a cause of action for fraud against the individual defendants. Contrary to defendants' contention, the fact that it refers to the seller shareholders as the "Individual Defendants" does not render the claim insufficiently particularized as to any of the individual defendants (see Stewart Tit. Ins. Co. v Liberty Tit. Agency, LLC, 83 AD3d 532 [1st Dept 2011]; CPLR 3016[b]). The term "Individual Defendants" does not refer to a diverse group of defendants to whom entirely different acts giving rise to the action may be attributed; it refers to the eight shareholders of the single corporate defendant, each of whom is alleged to have made the same false representation, to wit, that no corporate documents existed. At this stage of the proceedings, it is reasonable to infer that the individual shareholders knew whether this closely [*2]held corporation maintained corporate documents and thus that they participated in the alleged wrongful conduct by representing that no documents existed (see id., citing Pludeman v Northern Leasing Sys., Inc., 10 NY3d 486, 491-492 [2008]).
The complaint alleges that plaintiffs terminated the first purchase agreement as a result of defendants' fraudulent conduct. Thus, it states a cause of action for rescission of that agreement based on a "fraudulently induced unilateral mistake" (Goldberg v Manufacturers Life Ins. Co., 242 AD2d 175, 179 [1st Dept 1998], lv dismissed in part, denied in part 92 NY2d 1000 [1998]; see e.g. Pomranz v Tauber, 279 AD2d 411 [1st Dept 2001]).
In view of the existing issue of whether plaintiffs were induced by bad faith conduct on defendants' part to terminate the first purchase agreement, as alleged in the complaint, it would be premature to dismiss the alternative breach of contract cause of action (see Mokar Props. Corp. v Hall, 6 AD2d 536, 540 [1st
Dept 1958]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 4, 2018
CLERK